[No. 13498-9-III. Division Three. June 18, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY
MICHAEL ROHRICH, *Appellant*.

*Brian C. O'Brien* and *Dorn & O'Brien, P.S.*, for appellant.

*James Kaufman, Prosecuting Attorney*, and *Carol L. La Verne, Deputy*, for respondent.

SCHULTHEIS, A.C.J. — A jury found Gregory Rohrich raped and molested his eight-year-old stepdaughter. After the court found the stepdaughter competent, the prosecutor called the child as a witness at trial, but did not ask any questions about the alleged sexual contacts. Instead,

the prosecutor asked the child a few innocuous questions about herself, her family and her school, then presented the State's substantive case through hearsay evidence. We hold admission of the child's hearsay statements without proof she was unavailable as a witness, and without corroborative evidence of the alleged acts, was reversible error. Therefore, we reverse and remand for a new trial.

In its case in chief, the prosecutor must produce sufficient evidence on each element of the crime charged to establish guilt beyond a reasonable doubt. The prosecutor's evidence must, however, be admissible under the rules of evidence. In Washington, otherwise inadmissible hearsay statements made by a child alleging sexual abuse may be admitted into evidence only if they meet the requirements of the child victim hearsay statute, RCW 9A.44.120, which provides in pertinent part:

> A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another . . . is admissible in evidence . . . if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) The child either:
>
> (a) Testifies at the proceedings; or
>
> (b) Is unavailable as a witness: PROVIDED, That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

Thus, the child's reliable hearsay statements are admissible if the child testifies about the alleged sexual contact at trial. If the child does not testify about the alleged sexual contact, the child's hearsay statements are not admissible unless the prosecutor both establishes the child is unavailable as a witness and provides corroborative evidence of the act. RCW 9A.44.120; *State v. Ryan*, 103 Wn.2d 165, 174, 691 P.2d 197 (1984). The statute strikes a careful balance between the prosecutor's need for a child's hearsay evidence of sexual abuse, making it available

when it would not otherwise be admissible, and the defendant's constitutional right to confront the witnesses against him. *State v. Jones*, 112 Wn.2d 488, 494, 772 P.2d 496 (1989); *Ryan*, 103 Wn.2d at 169–70.

Here, the child was placed on the witness stand, but she did not testify about the alleged sexual contacts for which Mr. Rohrich was being tried. Inherent in the concept of witness testimony as evidence is the requirement that it pertain in some fashion to the charges at issue. BLACK'S LAW DICTIONARY 1476 (6th ed. 1990) defines the term "testify" as follows: "To bear witness; to give evidence as a witness; to make a solemn declaration, under oath or affirmation, in a judicial inquiry, for the purpose of establishing or proving some fact." The child was asked and answered the type of innocuous questions used to establish witness competency, but she did not "testify" as that term is used in RCW 9A.44.120(2)(a).

In a case such as this, by limiting the child's "testimony" to incidental or irrelevant details, or by not calling the child victim as a witness,[1] the prosecutor forces the defendant into a no-win situation. The defendant must attempt a cross-examination bearing no resemblance to and far exceeding the scope of the direct examination, or call the child as his own witness, or waive his right of confrontation. The prosecutor's tactic defeats the constitutional protection incorporated in the child victim hearsay exception and eviscerates the statutory requirement that corroborative evidence be produced when the defendant does not have the opportunity for full and effective cross-examination of the complaining child.

The opportunity to cross-examine witnesses, to test their perception, memory and credibility, is the fundamental

---

[1]We are aware that in *State v. Borland*, 57 Wn. App. 7, 13, 786 P.2d 810, *review denied*, 114 Wn.2d 1026 (1990) Division One held "RCW 9A.44.120(2) is satisfied when the child witness is both competent and physically available to testify." The court's sweeping statement was not necessary, however, and we do not agree with it. Although neither party called the child as a witness, they had agreed before trial that the child would not testify. *Id.* at 10, 12 n.13. The court also noted there was sufficient corroboration of the act in any event. *Id.* at 13 n.16.

purpose of the constitutional right of confrontation. *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *State v. Parris*, 98 Wn.2d 140, 144, 654 P.2d 77 (1982). That right would be a hollow one, indeed, if prosecutors could limit the complaining witness's testimony to wholly innocuous details, so that cross-examination would accomplish nothing, then procure a conviction based on out-of-court statements untested through cross-examination. We find no support for the State's proposition that prosecutors may restrict the scope of cross-examination in such a manner that it effectively emasculates the right of cross-examination itself, while trial judges are constitutionally prohibited from imposing similar restrictions. *See Smith v. Illinois*, 390 U.S. 129, 131, 88 S. Ct. 748, 19 L. Ed. 2d 956 (1968). "Confrontation means more than being allowed to confront the witness physically." *Davis*, 415 U.S. at 315.

Because the child did not testify about the alleged sexual contacts, her hearsay statements were not admissible unless the prosecutor could establish the child was unavailable as a witness and could also produce corroborative evidence. When a conviction rests entirely on out-of-court statements, the right of confrontation is critical and the unavailability of the declarant must be certain. *State v. Rivera*, 51 Wn. App. 556, 560, 754 P.2d 701 (1988) (citing *Ryan*, 103 Wn.2d at 171, and *State v. Smith*, 85 Wn.2d 840, 851, 540 P.2d 424 (1975)).

ER 804(a) defines the situations in which a declarant will be considered unavailable. An unavailable witness is one who, in the absence of wrongdoing by the proponent of the hearsay statement, (1) can claim a privilege, (2) refuses to testify despite a court order to do so, (3) lacks memory of the subject matter at hand, (4) is physically or mentally unable to be present or to testify, or (5) is absent because the party offering the hearsay statement has been unable to procure the witness's attendance. ER 804(a). The rule turns on the unavailability of the declarant's testimony, not on the unavailability of the declarant. 5B

KARL B. TEGLUND, WASHINGTON PRACTICE, *Evidence* § 393 (3d ed. 1989). "Unavailability means that the proponent is not presently able to obtain a confrontable witness' testimony." *Ryan*, 103 Wn.2d at 171.

The prosecutor in this case did not establish she was unable to procure the child victim's testimony. In her opening statement, the prosecutor suggested it would be difficult for the child to have to repeat her accusations facing the defendant in the courtroom. Her concern for the child was compassionate, but RCW 9A.44.150 provides for testimony by closed circuit television when **a court** determines that requiring a young child to testify in the presence of the defendant would be unduly traumatic. The statutory procedure is designed to protect the child and the truth-seeking process without violating the defendant's constitutional rights; it does not delegate to the prosecutor the right to decide that the child need not relate his or her accusations in front of the accused.

 Based on our conclusion the child did not "testify" within the meaning of RCW 9A.44.120, we find admission of her hearsay statements without proof of unavailability and corroborative evidence was an abuse of discretion. The error is one of constitutional magnitude that Mr. Rohrich may raise for the first time on appeal, RAP 2.5(a)(3), despite the fact defense counsel did not object at trial or attempt cross-examination. The prosecutor's trial tactic was not the good faith effort to produce the hearsay declarant required by the confrontation clause, *see Barber v. Page*, 390 U.S. 719, 724–25, 88 S. Ct. 1318, 20 L. Ed. 2d 255 (1968), but appears to be a calculated interference with Mr. Rohrich's right to fully and effectively cross-examine the child. Given our disposition of the hearsay issue, we do not address the other issues raised by Mr. Rohrich.

We reverse and remand for a new trial.

MUNSON and THOMPSON, JJ., concur.

After modification, further reconsideration denied July 17, 1996.

Review granted at 130 Wn.2d 1017 (1996).