[No. 64452-7. En Banc.]
Argued April 8, 1997. Decided July 3, 1997.

THE STATE OF WASHINGTON, *Petitioner*, v. GREGORY MICHAEL ROHRICH, *Respondent*.

Guy and Talmadge, JJ., concur in the result by separate opinion.

*James Kaufman, Prosecuting Attorney,* for petitioner.

474

*Dorn & O'Brien, P.S.,* by *Charles S. Dorn* and *Brian C. O'Brien,* for respondent.

SANDERS, J. — The question is whether a child "testifies" for purposes of the child hearsay statute, RCW 9A.44.120(2)(a), when the child is called to the stand yet is not asked and does not answer any questions relating to the occurrences alleged in the hearsay. We conclude a child does not "testify" as referenced in the statute when she does not give testimony describing the acts of sexual contact alleged in the hearsay. Accordingly, we affirm the Court of Appeals' reversal of defendant's conviction.

## FACTS

Gregory M. Rohrich was charged with two counts of First Degree Rape of a Child and two counts of First Degree Child Molestation for sexually abusing his stepdaughter, H.H. Prior to trial, nine-year-old H.H. was found competent to testify. At trial the State called H.H. to the stand as its first witness and asked her several questions including what school she went to, what she got for her birthday, and what her cat's name was.[1] H.H. was not asked about and did not testify about any alleged abuse. Defense counsel did not cross-examine her.

The State then presented its case in chief through hearsay evidence of the alleged abuse related by four adults: H.H.'s mother, a local police officer who interviewed H.H. shortly after the allegations were made, a child counselor who interviewed H.H. and a psychologist who spoke with H.H. during several counseling sessions.

[1]Verbatim Report of Proceedings (2RP) 18-23 (June 14, 1993).

Nearly all of each witness's testimony concerned what H.H. had allegedly told each witness concerning the alleged abuse.[2] Such hearsay testimony constituted the sole evidence implicating Rohrich as the perpetrator. The trial court admitted the hearsay under the child hearsay statute, RCW 9A.44.120. The jury found Rohrich guilty of the first three counts but not guilty of the fourth.[3]

The Court of Appeals reversed, relying on the Confrontation Clause[4] to define the term "testifies" to mean "the child testifies about the alleged sexual contact at trial." *State v. Rohrich*, 82 Wn. App. 674, 676, 918 P.2d 512 (1996). The Court of Appeals concluded that because the child did not testify about the alleged sexual contact yet was available to do so, hearsay was inadmissible under the child hearsay statute. *Id.* at 676.

## MEANING OF "TESTIFIES" IN RCW 9A.44.120(2)(a)

Admissibility of child hearsay relating to alleged sexual abuse is governed by statute:

> A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another . . . not otherwise admissible by statute or court rule, is admissible in evidence . . . in the courts of the state of Washington if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) The child either:
>
> (a) *Testifies* at the proceedings; or
>
> (b) Is unavailable as a witness: PROVIDED, That when the

---

[2]It appears the only nonhearsay evidence presented was a doctor's testimony of her examination of H.H., the results of which were "consistent with sexual abuse." 2RP at 76.

[3]The jury acquitted Rohrich on the second count of child rape, the only charge alleging penile penetration.

[4]U.S. CONST. amend. 6.

child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

RCW 9A.44.120 (emphasis added).

■ The statute does not define "testifies," which is at the heart of the issue here.[5] Does the child "testify" when she is called to the stand yet is not asked about and does not describe the acts of sexual contact alleged in the hearsay? The State says "yes" and contends "testifies" merely means the child is available to testify regardless of whether the child ever takes the stand.[6] The State asserts such a reading satisfies both the statute and the Confrontation Clause.[7] We disagree.

■■ We construe and apply statutes in a constitutional fashion if such can be done without straining the statutory text. *High Tide Seafoods v. State*, 106 Wn.2d 695, 698, 725 P.2d 411 (1986). The Legislature intended the child hearsay statute to be constitutional and "carefully drafted [it] to avoid any confrontation clause problems." Judy Yun, Note, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases*, 83 COLUM. L. REV. 1745, 1766 (1983). Therefore, we will interpret and apply the *child testifies* requirement in light of the requirements of the Confrontation Clause.

---

[5]The term "testifies" can have different meanings in different contexts. *See Nessman v. Sumpter*, 27 Wn. App. 18, 24, 615 P.2d 522 (interpreting "direct testimony" requirement for perjury convictions narrowly), *review denied*, 94 Wn.2d 1021 (1980).

[6]*See* Br. of Resp't at 12 ("A competent, physically available victim/witness need not testify at all; her hearsay statements are still admissible.") (citing *State v. Borland*, 57 Wn. App. 7, 13, 786 P.2d 810, *review denied*, 114 Wn.2d 1026 (1990)).

[7]The State also contends Rohrich should not have been permitted to argue inadmissibility of the child hearsay on appeal because he failed to object at trial. As the Court of Appeals correctly noted, the issue goes to the heart of Rohrich's right of confrontation and thus is a manifest error affecting a constitutional right which Rohrich may raise for the first time on appeal. *State v. Rohrich*, 82 Wn. App. 674, 679, 918 P.2d 512 (1996); RAP 2.5(a)(3). *Also see* 5B KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 411, at 301-02 (3d ed. 1989) ("If the child has not testified, an appellate court would presumably review an alleged error even in the absence of a timely objection to determine whether the defendant's right to confrontation has been violated.").

Turning now to the Confrontation Clause itself, we note it " 'comes to us on faded parchment.' " *Coy v. Iowa*, 487 U.S. 1012, 1015, 108 S. Ct. 2798, 101 L. Ed. 2d 857 (1988) (quoting *California v. Green*, 399 U.S. 149, 174, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970) (Harlan, J., concurring)).[8] The Confrontation Clause provides:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him
> . . . .

U.S. CONST. amend. 6.[9]

At its core, the Confrontation Clause, like the hearsay rules, represents a preference for live testimony. *White v. Illinois*, 502 U.S. 346, 356, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992). Live testimony is preferred because it requires the eyewitness to relate the facts herself in open court subject to cross-examination while under oath in a face-to-face setting before the watchful eyes of the jury. Such live testimony maximizes "the accuracy of the truth-determining process in criminal trials." *Dutton v. Evans*, 400 U.S. 74, 89, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970).[10]

■ ■ An indispensable component of the Confrontation Clause's preference for live testimony is cross-examina-

---

[8]*Coy* traces the ancient lineage of confrontation, noting it was recognized in English law before the right to jury trial and was fundamental under Roman law. *Coy*, 487 U.S. 1012, 1015 (quoting the Bible, *Acts* 25:16, that before Paul would be condemned under Roman Governor Festus he would have the opportunity to meet his "accusers face to face, and [be] given a chance to defend himself against the charges.").

[9]The Washington clause is even more specific:

> In criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . . .

CONST. art. I, § 22.

[10]*See also* Dana D. Anderson, *Assessing the Reliability of Child Testimony in Sexual Abuse Cases*, 69 S. CAL. L. REV. 2117, 2123 (1996) ("The American trial system is premised on the assumption that optimal fact-finding will occur when the court hears live testimony from each witness, watches the cross-examination of each witness, and sees for itself each witness' demeanor, sincerity, and memory of alleged events. Thereby, the court and the jury can assess whether the evidence offered by the witness is credible and avoid the obvious reliability risks in admitting any out-of-court declaration to prove a case.") (footnotes omitted).

tion because of its central role in ascertaining the truth. *See Green*, 399 U.S. at 158 (characterizing cross-examination as " 'the greatest legal engine ever invented for the discovery of truth.' ") (quoting 5 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 1367 (3d ed. 1940)). The opportunity to cross-examine means more than affording the defendant the opportunity to hail the witness to court for examination.[11] It requires the State to elicit the damaging testimony from the witness so the defendant may cross-examine if he so chooses.[12] *Shaw v. Collins*, 5 F.3d 128, 132 n.7 (5th Cir. 1993). In this context "not only [must] the declarant have been generally subject to cross-examination; he must also be subject to cross-examination concerning the out-of-court declaration." *United States v. West*, 670 F.2d 675, 687 (7th Cir.), *cert. denied by King v. United States*, 457 U.S. 1124, 102 S. Ct. 2944, 73 L. Ed. 2d 1340 (1982). The State's failure to adequately draw out testimony from the child witness before admitting the child's hearsay puts the defendant in "a constitutionally impermissible Catch-22" of calling the child for direct or waiving his confrontation rights. *Lowery v. Collins*, 996 F.2d 770, 771-72 (5th Cir. 1993).[13]

In addition to requiring the State to elicit the testimony

[11]*See* TEGLAND, *supra* at 122 (Supp. 1997) (courts "have rejected the argument that the defendant's rights are adequately safeguarded by giving the defendant the opportunity to call the child as a witness, and that the defendant waives any Sixth Amendment objection by not calling the child to testify.").

[12]As Professor Graham outlines, "In every decision, the [Supreme] Court implicitly premised its discussion on the firm principle that the confrontation clause requires the prosecution to call available witnesses whose testimony is crucial and devastating at trial for examination in the presence of the accused and for cross-examination by defense counsel. None of those decisions hinted even slightly that the sixth amendment permits the prosecution to introduce [hearsay] statement[s] merely because the accused may call and examine such a witness at trial." Michael H. Graham, *The Confrontation Clause, the Hearsay Rule, and Child Sexual Abuse Prosecutions: The State of the Relationship*, 72 MINN. L. REV. 523, 583 (1988).

[13]*See also Felix v. State*, 109 Nev. 151, 849 P.2d 220, 247 (1993) ("As a practical matter, if a child is excused before her hearsay statements are proffered, the defense has no opportunity to cross-examine the child on those statements. . . . Arguably, the defense could have recalled Susan and other children for cross-examination. However, we conclude that placing that burden on the defense is unfair."); *State v. Daniels*, 210 Mont. 1, 682 P.2d 173, 178-79 (1984) (where

and afford the defendant a real opportunity to cross-examine the complaining witness, the Confrontation Clause requires the eyewitness to give the testimony while under oath to "impress[ ] [the witness] with the seriousness of the matter and guard[ ] against the lie by the possibility of a penalty for perjury . . . ." *Green*, 399 U.S. at 158. Confrontation also requires the witness give his testimony in a face-to-face setting with the accused. *Coy*, 487 U.S. at 1017 (striking down a statute allowing a screen to be placed between the child witness and the accused because "there is something deep in human nature that regards face-to-face confrontation between accused and accuser as 'essential to a fair trial in a criminal prosecution.' ") (quoting *Pointer v. Texas*, 380 U.S. 400, 404, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965)).

Thus, the Confrontation Clause prefers the State elicit the damaging testimony from the witness while under oath in a face-to-face confrontation. "If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version." *United States v. Inadi*, 475 U.S. 387, 394, 106 S. Ct. 1121, 89 L. Ed. 2d 390 (1986).

█ The constitutional preference for live testimony may be disregarded in only two circumstances: (1) when the original out-of-court statement is inherently more reliable than any live in-court repetition would be; or (2) when live testimony is not possible because the declarant is unavailable, in which case the court must settle for the weaker version.

The first exception applies only to those firmly rooted hearsay exceptions which, by their nature, are most reliable when originally made. *See Inadi*, 475 U.S. at 394 (co-conspirator statements made during the conspiracy);

---

declarant is excused as a witness prior to the offering of the declarant's out-of-court statement, declarant was "not subject to cross-examination concerning the statement" and therefore out-of-court statement was inadmissible).

*White,* 502 U.S. at 355-56 (spontaneous declarations and statements made to doctor in the course of receiving medical care). Statements falling within this limited class are so treated because they "derive much of their value from the fact they were made in a context very different from trial" and "[e]ven when the declarant takes the stand, his in-court testimony seldom will reproduce a significant portion of the evidentiary value of his statements during the course of the conspiracy." *Inadi,* 475 U.S. at 395. *See also White,* 502 U.S. at 355-56 (the reliability of a spontaneous declaration "cannot be recaptured even by later in-court testimony").

For hearsay statements not falling within this small class of "firmly rooted" exceptions, the proffered hearsay is considered "a weaker substitute for live testimony." *Inadi,* 475 U.S. at 394. Under the second exception, the State may admit the hearsay if it "either produce[s], or demonstrate[s] the unavailability of the declarant whose statement it wishes to use against the defendant." *Ohio v. Roberts,* 448 U.S. 56, 65, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980).

Turning to the case at hand we note child hearsay admitted under RCW 9A.44.120 does not fall within a firmly rooted hearsay exception. *See Idaho v. Wright,* 497 U.S. 805, 817, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990); *Ring v. Erickson,* 983 F.2d 818, 821 (8th Cir. 1992).[14] Unlike the firmly rooted exceptions, nothing about child hearsay indicates the hearsay statement would be more reliable than an in-court declaration of the same accusation. Accordingly, the Confrontation Clause requires the testimony to be presented in court by the witness first unless the witness is unavailable, in which case the "weaker

[14]Nicki Noel Vaughan, *The Georgia Child Hearsay Statute and the Sixth Amendment: Is there a Confrontation?* 10 GA. ST. U. L. REV. 367, 380 (1994) ("Child hearsay exceptions, like the residual exceptions, are not considered to be traditional, firmly rooted exceptions . . . .").

substitute" alone may be admitted if reliable.[15] Here, the child was available and thus the Confrontation Clause's preference for live testimony requires that she herself testify as to the acts of sexual contact alleged in the hearsay as a condition to its admission under RCW 9A.44.120.

■ We conclude "testifies," as used in RCW 9A.44.120(2)(a), means the child takes the stand and describes the acts of sexual contact alleged in the hearsay. This definition is consistent with the Confrontation Clause and comports with legislative intent that the child hearsay statute condition the admission of hearsay as previously described. It is also in accord with most authority. For example, in *State v. Bishop*, child hearsay was admissible because the child testified in detail as to the alleged sexual abuse but the court foresaw that "if her testimony were limited to incidental details . . . the result would be different." *State v. Bishop*, 63 Wn. App. 15, 23 n.6, 816 P.2d 738 (1991), *review denied*, 118 Wn.2d 1015, 827 P.2d 1011 (1992). *See also* Graham, *supra* at 539 ("To be a testifying witness under availability analysis, a witness must actually testify at trial concerning the witnessed event."); *State v. Segerberg*, 131 Conn. 546, 41 A.2d 101, 102, 157 A.L.R. 1355 (1945) ("testimony is admitted in certain types of cases, including indecent assault upon children, when the complainant first has testified, in court, to the facts of the alleged occurrence . . . .").[16] We note our definition strikes a careful balance between admitting

---

[15]*See Rohrich*, 82 Wn. App. at 678 ("When a conviction rests entirely on out-of-court statements, the right of confrontation is critical and the unavailability of the declarant must be certain.").

[16]*State v. Borland*, 57 Wn. App. 7, 13, 786 P.2d 810, *review denied*, 114 Wn.2d 1026 (1990) held a "competent and physically available" child testifies under RCW 9A.44.120(2)(a) simply by being "physically available to testify" without ever taking the stand. Allowing the prosecution to pursue such a course offends not only the Confrontation Clause but also the intent of the statute, which requires either the child to testify or the State to show unavailability and corroboration. *See Rohrich*, 82 Wn. App. at 677 (by calling the child to the stand but not having her testify, the prosecution "eviscerates the statutory require-ment[s]."). *Borland* was decided without authority and is disapproved.

otherwise inadmissible hearsay and safeguarding the defendant's right to be confronted by the witnesses against him. *State v. Jones*, 112 Wn.2d 488, 494, 772 P.2d 496 (1989). It also allays "the fears" expressed by commentators that the child hearsay statute "may serve as a disincentive to call the child witness." *State v. Ryan*, 103 Wn.2d 165, 172, 691 P.2d 197 (1984).

## CONCLUSION

The Confrontation Clause requires the term "testifies," as used in the child hearsay statute, RCW 9A.44.120(2)(a), to mean the child gives live, in-court testimony describing the acts of sexual contact to be offered as hearsay. Because the child here did not testify as required yet was available to do so, her hearsay statements were inadmissible under RCW 9A.44.120. We affirm the Court of Appeals' reversal of defendant's conviction and remand for further proceedings.[17]

DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN, and ALEXANDER, JJ., concur.

GUY, J. (concurring) — I concur in the result reached by the majority. I write separately because, in my view, the majority opinion strays from the issues to be decided in this appeal; is not sufficiently grounded in solid authority for its broad sweeping statements of law; and contains page after page of dicta.

We accepted review in this case in order to resolve a conflict between the Court of Appeals decision in this case, *State v. Rohrich*, 82 Wn. App. 674, 918 P.2d 512, *review*

---

[17]Because we affirm on the sole grounds that the child did not testify, we decline to address any issues raised by Rohrich in his Answer to Pet. for Review, including his challenge to the reliability of the child hearsay under *Idaho v. Wright*, 497 U.S. 805, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990), decided shortly after our most recent decision on reliability, *State v. Swan*, 114 Wn.2d 613, 619, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046, 111 S. Ct. 752, 112 L. Ed. 2d 772 (1991).

*granted,* 130 Wn.2d 1017 (1996), and that of *State v. Borland,* 57 Wn. App. 7, 786 P.2d 810, *review denied,* 114 Wn.2d 1026 (1990). *See* RAP 13.4(b)(2); Petition for Review at 8-11.

In *Borland,* Division One of the Court of Appeals held that RCW 9A.44.120(2) "is satisfied when the child witness is both competent and physically available to testify. . . . Actual testimony is not required as a condition of admission of the out-of-court statements." 57 Wn. App. at 13.

In the Court of Appeals decision in *Rohrich,* Division Three disagreed with *Borland* and held that the statutory meaning of "testify" should be interpreted to be consistent with the fundamental purpose of the Confrontation Clause. That purpose is to provide an accused with the opportunity to cross-examine witnesses. *Rohrich,* 82 Wn. App. at 677-78 (citing *Davis v. Alaska,* 415 U.S. 308, 315-16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *State v. Parris,* 98 Wn.2d 140, 144, 654 P.2d 77 (1982)). The Court of Appeals also held a constitutional construction is consistent with the accepted definition of the word "testify." As the Court of Appeals noted, "BLACK'S LAW DICTIONARY 1476 (6th ed. 1990) defines the term "testify" as follows: 'To bear witness; to give evidence as a witness; to make a solemn declaration, under oath or affirmation, in a judicial inquiry, for the purpose of establishing or proving some fact.' " 82 Wn. App. at 677.

The language of the statute evidences an intent on the part of the Legislature to allow hearsay statements in certain child abuse cases if (1) the child *testified* as a witness or (2) the child was unavailable as a witness. Under the ordinary meaning of the word, the child would "testify" for the purpose of establishing or proving some fact. BLACK'S LAW DICTIONARY 1476. Such testimony protects the defendant's constitutional right to confront witnesses, as it provides him an opportunity for cross examination related to the elements of the charge or charges against him.

I would affirm the Court of Appeals decision in this case and overrule *Borland.*

484

Talmadge, J., concurs with Guy, J.