985 P.2d 377 (1999)
139 Wash.2d 152
STATE of Washington, Respondent,
v.
Thomas G. CLARK, Petitioner.
No. 66828-1.
Supreme Court of Washington, En Banc.
Argued January 27, 1999.
Decided October 7, 1999.
*378 Browne & Ressler, John Browne, Griffith & Cole, Rita J. Griffith, Seattle, for Petitioner.
Russell Hauge, Kitsap County Prosecutor, Matthew Clucas, Deputy, Port Orchard, Pamela Loginaky, Wa. Assoc. of Pros. Attorneys, Olympia, for Respondent.
SANDERS, J.
When Thomas Clark's eight-year-old stepdaughter took the witness stand and recanted her prior allegations that Clark had molested her, only hearsay accounts of her prior statements and an otherwise uncorroborated confession stood between Clark and dismissal of the charges. But these were enough for the jury to convict Clark and for the Court of Appeals to affirm.
We granted review to determine whether the confrontation clause of the Sixth Amendment to the United States Constitution is offended by the introduction of child hearsay statements under RCW 9A.44.120 in a case such as this where the child who made the hearsay statements is called as a witness, provides nonevasive answers to questions about the alleged incidents and testifies that her hearsay statements were lies, and whereafter the defendant is given a full opportunity to cross-examine her. Following United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), we hold such circumstances do not violate the requirements of the confrontation clause and we affirm the Court of Appeals.

I.

FACTS
E. was born on June 30, 1987, and grew up believing Clark to be her biological father.
On March 29, 1995, shortly after Clark moved out of E.'s home, E. (who was then seven years old) told her schoolteacher that her dad might have to go to jail because of something he did. The teacher referred E. to a school interventionist. E. told the interventionist Clark made her touch his penis three or four times. The interventionist called Child Protective Services to report E.'s allegations.
On April 10, 1995, a prosecutor child-interviewer talked with E. E. told the interviewer that she had gone into the basement of *379 her house whereupon Clark had initiated the sexual contact she had previously reported. E. told the interviewer Clark had sexual contact with her six times and that Clark told her if anyone heard what had happened, he would have to go to jail.
On April 25, 1995, Clark voluntarily confessed to a police officer that on three occasions he had woken up to find E. masturbating him and he had allowed it to go on until he ejaculated. Clark was subsequently charged with three counts of first degree child molestation under RCW 9A.44.083.
A hearing was held on June 21, 1995, to establish if the hearsay statements made by E. to various adults (including the prosecutor's child-interviewer) were admissible under RCW 9A.44.120. E. testified under oath that the sexualized activity previously described had in fact occurred. The trial court found the prior hearsay statements E. made were sufficiently reliable to satisfy the criteria laid out in State v. Ryan, 103 Wash.2d 165, 691 P.2d 197 (1984), thereby rendering the hearsay statements admissible under RCW 9A.44.120, the child hearsay statute.
At trial the school interventionist and the child-interviewer testified to the hearsay statements made to them by E. Clark did not object. E. was then sworn in as a witness. E. testified she had seen Clark's penis once, but she denied ever touching it. However she did admit to telling the school interventionist, the prosecutor's child-interviewer, and the hearing judge that sexual contact had occurred. She further testified her previous statements that Clark made her touch his penis were lies, and she always knew those statements were lies, but didn't know why she had lied. E. was cross-examined about the statements and then admitted she had lied to get Clark in trouble because he left her family without a phone or a car.
The jury convicted Clark on all three counts of first degree child molestation. Clark appealed his conviction on several grounds. The Court of Appeals affirmed, holding inter alia that Clark's rights under the federal confrontation clause were not violated. State v. Clark, 91 Wash.App. 69, 76, 954 P.2d 956, review granted in part, 136 Wash.2d 1019, 969 P.2d 1064 (1998). Clark petitioned for review on several grounds, but a majority of this court granted review "limited to the confrontation issue." State v. Clark, No. 66828-1, Order, 136 Wash.2d 1019, 969 P.2d 1064 (Wash. Nov. 12, 1998).

II.

ISSUE FOR REVIEW
The state argues Clark's failure to object to the admission of the child hearsay statements at trial precludes him from raising the issue on review. Indeed, the state frames the issue before us as "[w]hether fairness dictates that the long-standing contemporaneous objection rule that is recognized by virtually every jurisdiction in the United States [should] be preserved?" Supplemental Br. of Resp't at 1.
The state is correct that an issue must normally be raised in the trial court before it may be considered on appeal. RAP 2.5(a); State v. Paysse, 80 Wash. 603, 608, 142 P. 3 (1914) ("It is a principle, applicable to criminal as well as civil cases, that objections to evidence or matters or proceedings occurring at the trial, not going to the jurisdiction of the court, must be presented to and ruled upon by the trial court before they can be made available upon appeal."). However RAP 2.5(a)(3) excepts "manifest error affecting a constitutional right," allowing us to consider an error of constitutional magnitude even though that issue was not raised at trial.[1] The state's argument that we cannot address the issue raised by Clark on appeal for the first time therefore fails to the extent that Clark raises a constitutional issue.
Because Clark failed to object below and because our review is limited to the confrontation issue, we must distinguish between the interpretation of RCW 9A.44.120[2] *380 and the question of whether the proceedings at this trial satisfied the requirements of the confrontation clause. These are separate issues because a statute may provide greater protection than that guaranteed by the Constitution. The focus in this case is therefore not upon the requirements of the statute but rather the guarantees of the confrontation clause, and whether the proceedings at trial violated Clark's constitutional rights. RCW 9A.44.120 is relevant only to the extent it was the vehicle for the introduction of the child hearsay statements at trial[3] and whether that statute met with compliance is beyond the limited scope of review allowed by a majority of our court.
Furthermore we grant the state's motion to strike portions of the petitioner's supplemental brief which raise the alleged lack of corpus delicti because this issue is outside the scope of review which is explicitly limited to the confrontation issue.

III.

ANALYSIS
The confrontation clause of the Sixth Amendment to the United States Constitution was not violated by the introduction of child hearsay statements in the circumstances of this case.
The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The confrontation clause applies to state courts through the Fourteenth Amendment, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and guarantees a criminal defendant the opportunity to cross-examine adverse witnesses. See, e.g., Douglas v. Alabama, 380 U.S. 415, 418, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).
Citing United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the state argues Clark's opportunity to cross-examine E. at trial about her hearsay statements satisfied the burdens of the confrontation clause.
In Owens the witness, who was an assault victim, identified the defendant as his attacker. However, the witness's injuries affected his memory and at trial he testified that although he could remember identifying the defendant, he could not remember seeing him at the time of the assault. The Supreme Court held the confrontation clause was not violated by the admission of the hearsay statement of the witness who had no independent recollection of the defendant as his assailant. The court held it was not necessary to examine the hearsay statement for "indicia of reliability" when the person who made the hearsay statement testified in court and was fully cross-examined. In such circumstances, the court reasoned, the confrontation clause was satisfied by the "traditional protections of the oath, cross-examination, and opportunity for the jury to observe the *381 witness' demeanor." Owens, 484 U.S. at 560, 108 S.Ct. 838.
In Green the Supreme Court considered a California statute which under certain circumstances permitted the admission of a witness's hearsay statement which was inconsistent with that witness's testimony at trial. The court held the statute did not violate the confrontation clause provided the defendant had a full opportunity to cross-examine the witness at trial. The court stated:
[T]he Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories.
Green, 399 U.S. at 164, 90 S.Ct. 1930.
Under Owens and Green the admission of hearsay statements will not violate the confrontation clause if the hearsay declarant is a witness at trial, is asked about the event and the hearsay statement, and the defendant is provided an opportunity for full cross-examination. Here E. (the hearsay declarant) testified at trial about the alleged incident, acknowledged her hearsay statements, and then claimed they were lies. Clark was given an opportunity to fully cross-examine her. The facts of the current case therefore satisfy the requirements of the confrontation clause of the Sixth Amendment as laid out in Owens and Green.
Clark argues Owens and Green should be distinguished from the present case, stating:
Neither Owens nor Green stands for the proposition that the admission of unreliable hearsay testimony does not violate the Confrontation Clause where the witness is effectively unavailable as a witness at trial.
Supplemental Br. of Pet'r at 9. This argument would have some force but for the fact Clark's characterization of E. as an "effectively unavailable" witness is incorrect. E. was not only sworn in as a witness at trial, asked about the alleged incidents, and provided answers to the questions put to her, but she was actually cross-examined. She was not only available but was probably the best witness for the defense. We cannot distinguish Owens and Green.
Relying on State v. Rohrich, 132 Wash.2d 472, 939 P.2d 697 (1997), Clark argues the confrontation clause requires the hearsay declarant (in this case E.) to describe the alleged acts at trial or for the statements to be otherwise corroborated. Clark further argues E.'s testimony that her hearsay statements were lies meant that she did not "testify" at trial and so the requirements of RCW 9A.44.120 were not fulfilled.[4]
In Rohrich the state called as a witness an alleged victim of rape and child molestation and asked her only innocuous background questions, failing to ask her about the alleged sexual abuse. Rohrich, 132 Wash.2d at 474, 939 P.2d 697. She was not cross-examined and the defendant was convicted solely on the basis of hearsay statements the child witness had made to others. We affirmed reversal of the defendant's conviction, stating:
An indispensable component of the Confrontation Clause's preference for live testimony is cross-examination because of its central role in ascertaining the truth. The opportunity to cross-examine means more than affording the defendant the opportunity to hail the witness to court for examination. It requires the State to elicit the damaging testimony from the witness so the defendant may cross-examine if he so chooses.... The State's failure to adequately draw out testimony from the child witness before admitting the child's hearsay puts the defendant in "a constitutionally impermissible Catch-22" of calling the child for direct or waiving his confrontation rights.
Id. at 477-78, 939 P.2d 697 (citations and footnotes omitted) (quoting Lowery v. Collins, 996 F.2d 770, 771-72 (5th Cir.1993)). The court then concluded the word "testifies" in RCW 9A.44.120 requires the child witness *382 to take the stand and describe the alleged acts of sexual contact.
In State v. Foster, 135 Wash.2d 441, 957 P.2d 712 (1998) we approved Rohrich, stating:
In Rohrich we recognized that at the core of the right to confrontation is "a preference for live testimony." We held that live testimony, under oath, subject to cross-examination, and under the watchful eyes of the jury maximizes the accuracy of the truth-seeking process in criminal trials.
Foster, 135 Wash.2d at 464, 957 P.2d 712 (citations omitted) (quoting Rohrich, 132 Wash.2d at 477, 939 P.2d 697).
But the facts of Rohrich must be distinguished from the present case. Although in Rohrich the preference for live testimony had been thwarted by not asking the child witness about the alleged occurrence or the hearsay statement, in the present case the preference for live testimony prevailed through direct examination on both points. In Rohrich the state avoided questioning the child witness about the alleged acts, thus directly preventing the defendant from cross-examining her. However in the present case there was no such evasion: The state asked E. about the alleged acts and she answered by denying they occurred. The state also asked E. about her prior hearsay statements which she acknowledged making but claimed were lies. Far from being placed in a constitutionally impermissible Catch-22 of calling the child for direct or waiving his confrontation rights, Clark had a full opportunity to cross-examine E. about the alleged acts and about her hearsay statements. The state did not seek to shield E. from difficult questions nor was she evasive in her answers. Indeed, while Clark may view conviction notwithstanding E.'s clear testimony that her hearsay statements were lies as a miscarriage of justice, it is nevertheless not a violation of the confrontation clause.
We hold that in the circumstances of this case the requirements of the confrontation clause as interpreted by the Supreme Court in United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951, and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489, were fulfilled. Because we find there was no confrontation violation, we affirm the Court of Appeals.
GUY, C.J., SMITH, MADSEN, TALMADGE, and IRELAND, JJ., concur.
ALEXANDER, J. (dissenting).
In my view, the alleged child victim, E., did not "testify" at trial because she did not describe the acts of sexual contact that she had recounted in her earlier out of court statements. That being the case, evidence of the prior statements should not have been admitted.
The record demonstrates that although E. told several people, including a school interventionist and child interviewer, that her stepfather had sexually abused her, the child recanted at trial and claimed that her earlier statements, as well as her testimony at a pretrial hearing, were lies. The introduction of these hearsay statements into evidence, therefore, violated Clark's Sixth Amendment right to confrontation and was reversible error.
The conclusion I reach logically follows from our ruling in State v. Rohrich, 132 Wash.2d 472, 939 P.2d 697 (1997), in which we concluded that the Confrontation Clause is violated if hearsay statements of a child are admitted in cases where the child does not "testify." In Rohrich we were confronted with a circumstance, like the instant, where a stepfather was charged with sexually abusing his stepdaughter. At trial, the State presented the testimony of four adults, who told what they allegedly learned from the child about the incident leading to the criminal charges. The child, although called as witness, was not questioned or cross-examined about the alleged child abuse. She was merely asked such questions as what she got for her birthday, what school she went to, and what her cat's name was. The Court of Appeals reversed the trial court's admission of the hearsay statements. State v. Rohrich, 82 Wash.App. 674, 918 P.2d 512 (1996), aff'd, 132 Wash.2d 472, 939 P.2d 697 (1997). We affirmed the Court of Appeals, concluding that the Confrontation Clause requires testimony of the child to be presented in court unless the witness is unavailable. We went *383 on to say that the child must actively testify in order to satisfy the Confrontation Clause, indicating that "testifies" "means the child takes the stand and describes the acts of sexual contact alleged in the hearsay." Rohrich, 132 Wash.2d at 481, 939 P.2d 697.
Because only innocuous questions were asked of the child witness in Rohrich, we concluded that the opportunity to cross-examine was effectively denied and the Confrontation Clause was, thus, violated. By that same line of reasoning, testimony of an alleged child victim that simply amounts to a denial of the charged abuse is not testimony describing the charged act or acts of sexual conduct.
While the majority readily acknowledges our decision in Rohrich, it concludes that the admission of hearsay statements does not violate the Confrontation Clause "if the hearsay declarant is a witness at trial, is asked about the event and the hearsay statement, and the defendant is provided an opportunity for full cross-examination." Majority op. at 381. In my view, the majority's holding offends the true purpose of the Sixth Amendment Confrontation Clause, which provides "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. At its core, the Confrontation Clause, like the hearsay rules, represents a preference for live testimony. White v. Illinois, 502 U.S. 346, 356, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). Such live testimony maximizes "the accuracy of the truth-determining process in criminal trials." Dutton v. Evans, 400 U.S. 74, 89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).[1] "An indispensable component of the Confrontation Clause's preference for live testimony is cross-examination because of its central role in ascertaining the truth." Rohrich, 132 Wash.2d at 477-78, 939 P.2d 697; see also California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). It requires the State to elicit the damaging testimony from the witness so the defendant may cross-examine if he so chooses. Shaw v. Collins, 5 F.3d 128, 132 n. 7 (5th Cir.1993).
Here, the defendant was not provided the full opportunity to cross-examine the child victim because the State failed to "elicit the damaging testimony" from the child. The opportunity to cross-examine a witness, to test the witness's perception, memory and credibility, is the fundamental purpose of the constitutional right of confrontation. Davis v. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Parris, 98 Wash.2d 140, 144, 654 P.2d 77 (1982). That right would be a hollow one, indeed, if prosecutors are permitted to limit the complaining witness's testimony to wholly innocuous details or recantation of earlier statements, then procure a conviction based on out-of-court statements untested through cross-examination. Rohrich, 82 Wash.App. at 678, 918 P.2d 512; see also Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). "Confrontation means more than being allowed to confront the witness physically." Davis, 415 U.S. at 315, 94 S.Ct. 1105.
Although the child victim here did concede at trial that she had made statements to others that implicated the defendant, she did not testify at trial as to the specific acts of sexual activity that formed the basis of the charge against the defendant. The child merely acknowledged making the prior statements and indicated that they were untrue. Such testimony is not a description of the alleged sexual contact any more than telling the jury the name of her cat. Furthermore, the defendant could hardly cross-examine the child victim about the specific details of the acts that the defendant is alleged to have committed, when she did not testify to the acts. While counsel for the defendant could have questioned her about her earlier contradictory statements, that puts the defendant *384 in the "catch-22" situation we envisioned in Rohrich when we said:
[B]y limiting the child's `testimony' to incidental or irrelevant details, or by not calling the child victim as a witness, the prosecutor forces the defendant into a no-win situation. The defendant must attempt a cross-examination bearing no resemblance to and far exceeding the scope of the direct examination, or call the child as his own witness, or waive his right of confrontation. The prosecutor's tactic defeats the constitutional protection incorporated in the child victim hearsay exception and eviscerates the statutory requirement that corroborative evidence be produced when the defendant does not have the opportunity for full and effective cross-examination of the complaining child.

Rohrich, 82 Wash.App. at 677, 918 P.2d 512 (emphasis added; footnote omitted).
The majority cites United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) to support its holding that the Confrontation Clause was not violated in this case. In my view, these cases fail to support the majority's holding. Neither Owens nor Green involved the introduction of child hearsay statements. Moreover, each of those cases explicitly mandates that the defendant must have a full and fair opportunity to effectively cross-examine the hearsay declarant. Owens, 484 U.S. at 558-59, 108 S.Ct. 838; Green, 399 U.S. at 158, 90 S.Ct. 1930. As I have previously indicated, Clark was deprived of such an opportunity.
In sum, unless the child victim testifies about the acts alleged, any hearsay statements of the child should not be admitted, absent corroboration. Here, the child did not testify about the acts alleged. Thus, the admission of the statements was error. I, therefore, dissent.
JOHNSON, J., concurs.
NOTES
[1] This is consistent with the fact that we granted review on "the confrontation issue" only. State v. Clark, No. 66828-1, Order, 136 Wash.2d 1019, 969 P.2d 1064 (Wash. Nov. 12, 1998).
[2] RCW 9A.44.120 provides:

Admissibility of child's statementConditions. A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, describing any attempted act of sexual contact with or on the child by another, or describing any act of physical abuse of the child by another that results in substantial bodily harm as defined by RCW 9A.04.110, not otherwise admissible by statute or court rule, is admissible in evidence in dependency proceedings under Title 13 RCW and criminal proceedings, including juvenile offense adjudications, in the courts of the state of Washington if:
(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
(2) The child either:
(a) Testifies at the proceedings; or
(b) Is unavailable as a witness: PROVIDED, That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his or her intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement.
[3] In State v. Ryan, 103 Wash.2d 165, 179, 691 P.2d 197 (1984), we held RCW 9A.44.120, which allows the introduction of hearsay statements of child sexual abuse victims, does not on its face violate the confrontation clause because the statute allows only for the admission of statements which have indicia of reliability.
[4] To the extent that Clark argues the requirements of the child hearsay statute which are not mandated by the confrontation clause were not fulfilled, his argument fails because as previously mentioned we explicitly granted review only on the confrontation clause issue.
[1] See also Dana D. Anderson, Assessing the Reliability of Child Testimony in Sexual Abuse Cases, 69 S. CAL. L.REV. 2117, 2123 (1996) ("The American trial system is premised on the assumption that optimal fact-finding will occur when the court hears live testimony from each witness, watches the cross-examination of each witness, and sees for itself each witness' demeanor, sincerity, and memory of alleged events. Thereby, the court and the jury can assess whether the evidence offered by the witness is credible and avoid the obvious reliability risks in admitting any out-of-court declaration to prove a case.") (footnotes omitted).