Judge MANNHEIMER,
concurring.
I write separately to clarify that, despite our lengthy examination of Evidence Rule 801(d)(8), our opinion in this case only addresses issues of statutory interpretation raised by the text and legislative history of the rule. Evidence Rule 801(d)(8) also potentially presents constitutional issues-issues that we have not addressed because they were not raised.
For instance, one of the legislature's primary aims in enacting Rule 801(d)(8) was to allow the State to prosecute sex abuse cases without calling the child to the stand. Rule 801(d)(8) allows the State to present its case through hearsay-primarily, through the recording of the child's pre-trial interview. The defense attorney can still call the child to the stand-but, in such cases, the child's testimony would begin with the defense attorney's eross-examination. (This is what happened with M.Y.'s testimony in Augustine's case.)
As the lead opinion explains, Evidence Rule 801(d)(8) was crafted to address a very real problem: in prosecutions for sexual abuse, our criminal justice system has traditionally required young children to repeatedly describe their experience to adults who are strangers to them, and to do so in unfamiliar and often uncomfortable environments.
But the solution chosen by the legislature-to exempt the child from direct examination if the child's pre-trial interview meets the criteria specified in Rule 801(d)(@8)-has been declared unconstitutional by at least one court: the Supreme Court of Washington has ruled that a defendant's right of confrontation is violated when the State litigates a criminal case in this manner.[1]
In addition, our decision in this case does not address a separate procedural issue that has constitutional overtones: What is the State's burden of proof when it seeks to *592 establish the foundational requirements of Evidence Rule 801(d)(8)?
In Reutter v. State, 886 P.2d 1298 (Alaska App.1994), this Court addressed the constitutionality of AS 12.45.046(a)(2), a statute that allows a child victim in a sexual abuse prosecution to testify via closed-circuit television or through one-way mirrors-in other words, outside the physical presence of the defendant-"if the court determines that [taking this] testimony ... under normal court procedures would result in the child's inability to effectively communicate."
In Reutter, this Court held that this procedure is constitutional, but only if the government meets the foundational requirements established by the United States Supreme Court in Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).[2]
This ruling in turn raised another question: What is the standard of proof that applies when the government seeks to establish the foundational requirements specified in Craig?
In Reutter, this Court rejected a "preponderance of the evidence" standard of proof. We instead held that the government must prove its foundational facts by clear and convincing evidence. We reached this conclusion because the statute authorizes a departure from the defendant's normal right of face-to-face confrontation:
Given the constitution's express protection of confrontation as an individual right of the accused, and ... [blecause of the integral role confrontation plays in the adjudication of innocence and guilt, and its direct bearing on the integrity of fact-finding at trial, ... any risk of error in balancing the individual right against the countervailing public interest must fall on the side of protecting the innocent from an unjust conviction. ... [The preponderance of the evidence standard cannot provide such protection, and no dilution of the right [of] confrontation should be permitted without an express finding that the requirements of AS 12.45.046 ... have been met by clear and convincing evidence.
Reutter, 886 P.2d at 1807-08.
It is arguable that these same considerations require a court to apply a "clear and convincing evidence" standard when evaluating the State's request to admit a child's out-of-court statement under Evidence Rule 801(d)(8).
I mention these two constitutional issues, not to express any opinion regarding them, but only to clarify that our decision in this case should not be read as addressing them in any manner.

. See In re Personal Restraint of Grasso, 151 Wash.2d 1, 84 P.3d 859, 863, 868 (2004); State v. Rohrich, 132 Wash.2d 472, 939 P.2d 697, 702-03 (1997).

. The Craig decision, 497 U.S. at 855-56, 110 S.Ct. at 3169, requires the government to prove
{that the] use of the ... closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant.... In other words, if the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present. Finally, the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, i.e., more than mere nervousness or excitement or some reluctance to testify.