

**FILED**
**MAY 1, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34623-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL TODD BARNES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Michael Barnes appeals his conviction for first degree child molestation, arguing that admission of the victim's forensic interview violated his Sixth Amendment rights to confrontation and assistance of counsel. We disagree and affirm.

FACTS

The facts of the incident are of minimal import to this decision. Z.B., a seven-year-old boy, disclosed to his mother in 2014 that two years earlier he had been molested by the defendant, the father of Z.B.'s younger sibling. At the time of the disclosure, the mother was no longer in a relationship with the defendant and had moved to Ohio with her children, leaving Mr. Barnes in Washington State.

The mother reported the allegation to police in Pasco. Four months later, after the return of the family to Washington, a forensic interview was conducted with Z.B. The

young boy described incidents of sexual and physical abuse to a police officer who conducted the interview at the child's request after Z.B. had expressed reluctance to talk with the assigned female interviewer who had begun the interview with him. Z.B. subsequently testified at trial and the video of the forensic interview was admitted without objection. The testimony had been ruled admissible at a pretrial hearing conducted pursuant to RCW 9A.44.120.

The jury convicted Mr. Barnes as charged and the trial court imposed a sentence of 68 months. Mr. Barnes timely appealed to this court. A panel considered the case without hearing argument.

## ANALYSIS

This appeal alleges that admission of the forensic interview violated both the defendant's Sixth Amendment right to confront the witness against him and his Sixth Amendment right to effective assistance of counsel. We consider those allegations in the order listed.

*Confrontation of Witness*

Mr. Barnes first claims that Z.B. was not sufficiently questioned about the forensic interview to make him available for confrontation purposes. We disagree.

The confrontation clause of the Sixth Amendment to the United States Constitution guarantees an accused the right to confront the witnesses against him. U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 42, 51, 124 S. Ct. 1354, 158 L. Ed. 2d

2

177 (2004). This right, which applies to the states via the Fourteenth Amendment's due process clause, necessarily speaks to a defendant's right to cross-examine adverse witnesses. *Pointer v. Texas*, 380 U.S. 400, 404-405, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965). The right of confrontation is the guarantee of an opportunity to cross-examine the witness. *United States v. Owens*, 484 U.S. 554, 559, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988). It is not a guarantee of successful cross-examination. *Id*. at 559-560. Thus, even if a witness has no current memory of an event, the ability of the witness to take the stand suffices to provide the opportunity for cross-examination. *Id*. at 559.

Modern confrontation clause analysis is driven by *Crawford*. There, the court concluded that the right of confrontation extended only to "witnesses" who "bear testimony" against the accused. 541 U.S. at 51. This "testimonial" hearsay rule reflected "an especially acute concern with a specific type of out-of-court statement." *Id*. "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id*. However, *Crawford* excludes prior statements "only if a witness is unavailable at trial for purposes of the confrontation clause." *State v. Price*, 158 Wn.2d 630, 639, 146 P.3d 1183 (2006).

The question of whether or not a child was available for confrontation clause purposes arose in Washington law in a few cases published prior to *Crawford*. *In re Pers. Restraint of Grasso*, 151 Wn.2d 1, 84 P.3d 859 (2004); *State v. Clark*, 139 Wn.2d 152, 985 P.2d 377 (1999); *State v. Rohrich*, 132 Wn.2d 472, 939 P.2d 697 (1997). Typically,

3

the question presented in those cases was whether the child was sufficiently questioned about the prior statements to permit cross-examination about them.

Reasoning along similar lines, Mr. Barnes argues that the prosecutor insufficiently raised the issue of Z.B.'s initial discussion with the forensic interviewer to permit cross-examination and did not question the child about specific statements made during the interview, thus rendering the entire interview violative of his confrontation rights. His argument fails under *Price*.

*Price* was our court's opportunity to consider the *Rohrich* line of cases after *Crawford*. In *Price*, a young child was unable at trial to remember either the incident in question or her hearsay disclosures to her mother and detective, although the prosecutor attempted to obtain information on those topics when the child testified. 158 Wn.2d at 638-639. The court conducted a lengthy review of *Crawford*, the United States Supreme Court's pre-*Crawford* cases concerning unavailability, and the previously listed Washington cases—*Grasso*, *Clark*, and *Rohrich*. *Id*. at 639-650. It concluded that "a witness's inability to remember does not implicate *Crawford* nor foreclose admission of pretrial statements." *Id*. at 650. The holding was stated in terms of the facts of the case:

> Thus, we hold that when a witness is asked questions about the events at issue and about his or her prior statements, but answers that he or she is unable to remember the charged events or the prior statements, this provides the defendant sufficient opportunity for cross-examination to satisfy the confrontation clause.

*Id*.

4

Broadly construing what it means to ask questions "about the events at issue and about his or her prior statements," Mr. Barnes essentially contends that because the direct examination was not sufficiently detailed to include each statement Z.B. made in the interview, his confrontation right was violated. *Price* does not support that view; nothing in that opinion suggests that the victim was asked about each interview statement that she could not remember.[1] Here, Z.B. was asked about the interview and what he remembered talking to the interviewers about; after answering a question or two, Z.B. stated that he had not wanted to talk to the female interviewer and he did not remember the remainder of his conversation with the detective. The prosecutor did not delve into each statement made during the interview. Report of Proceedings (March 23-25, 2016) at 71-72.

This was adequate to allow Mr. Barnes to cross-examine Z.B. about his interview. *Price*, 158 Wn.2d at 648. Indeed, his counsel did briefly ask about it. Nothing prevented the defense from asking any questions it desired to put to the child; the opportunity for cross-examination existed.[2] As in *Price*, the failure of the child witness to remember

---

[1] In a different context, we have suggested that repetitious answers to a lengthy string of questions should not be permitted under ER 403. *See State v. Ruiz*, 176 Wn. App. 623, 643-644, 309 P.3d 700 (2013) (repeated assertions of privilege to 28 questions).

[2] Despite having the opportunity for cross-examination, a defendant still could lose the actuality of confrontation if the trial court unnecessarily limits cross-examination due to the scope of direct examination of a topic. That problem did not occur here, but it is a concern that can arise in this circumstance. For instance, if the trial judge here had sustained objections to defense efforts to ask about statements Z.B. made to the female interviewer, there would have been a confrontation violation. The entirety of the interview was fair game for cross-examination. Our court does not look favorably on efforts to shield a child from cross-examination by limiting inquiries on direct examination. *Price*,

what he had told the detective did not deny the defense the opportunity to ask about that failure of memory. The opportunity existed. That is all that the confrontation clause requires.

The prosecutor asked Z.B. about the interview and the people he spoke with. That was sufficient to allow the defense, if it so desired,[3] to ask questions about the interview. The right to confront the child was not denied to Mr. Barnes.

*Attorney Assistance*

Mr. Barnes also argues that his attorney rendered ineffective assistance by failing to object to admission of the interview video at trial once the State had obtained limited information from the child about the interview. Since we have rejected the contention that Mr. Barnes's confrontation right was violated, this derivative argument necessarily fails.

The standards governing ineffective assistance claims are well settled. The Sixth Amendment guaranty of counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be

---

158 Wn.2d at 644-647 (discussing cases).

[3] Attorneys frequently limit their examination of child witnesses for tactical reasons. Thus, it is difficult to accurately infer that a violation of confrontation rights has occurred where the defense has not tried to exercise the rights. Defense counsel who believe their cross-examination opportunity has been unduly limited should make a record of that alleged error with the trial court.

highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697.

Here, our conclusion that there was no confrontation violation necessarily means that counsel did not perform defectively. Accordingly, Mr. Barnes has failed to establish that his counsel erred and his claim of ineffective assistance fails.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.