[No. 11758–1–I.   Division One.   June 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS WAYNE DELKER, *Appellant.*

*Jerry Parks, Michael J. Trickey,* and *Appelwick & Trickey,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Roe, Deputy,* for respondent.

SCHOLFIELD, J.—Dennis Wayne Delker appeals his conviction for malicious mischief in the second degree, alleging error in the failure to give a requested jury instruction on eyewitness identification, improper admission of a prior conviction, and insufficient evidence. We affirm.

On the evening of September 18, 1981, the proprietor of a West Seattle gas station observed Delker driving at high speed on a roadway near the gas station. Subsequently, Delker and employees of the gas station became involved in an argument. Customers of the gas station intervened. One of the customers smashed the rear window of Delker's car, a blue 1963 Chevrolet with a damaged passenger side. Both the customer and Delker later left the area.

The gas station proprietor testified that about 2 hours later, he observed Delker's car parked across the street from the station and observed Delker walking near the station. Shortly afterward, someone broke the windshields of two cars that had been left at the gas station. An employee, who was present at the earlier incident, observed a man he identified as Delker breaking one of the windshields. This employee and the proprietor then observed the same man return to a car which they identified as Delker's.

At trial, Delker moved in limine to exclude any reference to his 1979 conviction for intimidating a witness. The trial judge considered the motion in light of *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980), and initially ruled that it was admissible. After Delker orally advised the court that

his guilty plea on the intimidation charge resulted from a relatively minor violation of an order prohibiting contact with a witness, the trial court modified its earlier decision and ruled that the State could refer to the fact that Delker had a prior felony conviction, without identifying the specific crime involved. Delker then testified on direct examination and the court recessed for the weekend.

During the recess, the trial judge obtained the file concerning Delker's prior conviction, and from information in that file learned that Delker had repeatedly threatened his former girlfriend with bodily harm if she testified against him in a disorderly conduct prosecution. The trial judge then modified his ruling and allowed the State to inquire into the nature of Delker's prior conviction. Subsequently, Delker admitted on cross examination that he had been convicted of intimidating a witness.

At trial, Delker requested an instruction on the subject of eyewitness identification, which was a modified version of the *"Telfaire"* instruction in *United States v. Telfaire,* 469 F.2d 552 (D.C. Cir. 1972). The trial judge refused the requested instruction. He instead gave instruction 9, which advised jurors that they were the sole judges of the weight to be given to the testimony of each witness, and that in considering the testimony of any witness they could take into account the opportunity and ability of the witness to observe and the reasonableness of the testimony of the witness considered in light of all the evidence. Delker contends the trial judge erred in failing to give his requested instruction. We do not agree.

■ This court has rejected similar instructions in *State v. Ammlung,* 31 Wn. App. 696, 701, 644 P.2d 717 (1982), *State v. Edwards,* 23 Wn. App. 893, 600 P.2d 566 (1979), and *State v. Jordan,* 17 Wn. App. 542, 564 P.2d 340 (1977). Instructions are sufficient if they permit each party to argue his theory of the case, are not misleading, and when read as a whole properly inform the jury of the applicable law. *State v. Mark,* 94 Wn.2d 520, 618 P.2d 73 (1980). Instruction 9, along with the customary instruction requir-

ing the State to prove guilt beyond a reasonable doubt, was sufficient to enable the defendant to argue any frailties he believed existed in the eyewitness testimony in the case. The court did not err in rejecting the requested instruction.

Delker next contends the court erred in admitting his prior conviction for intimidating a witness for impeachment purposes. We conclude that the conviction was admissible under ER 609(a)(1) and (2).[1]

A review of the record in this case discloses that the trial judge discussed the factors involved in evaluating probative value as weighed against the possible prejudicial effect of the evidence as outlined in *State v. Alexis, supra.* He concluded on the record that the probative value outweighed any possible prejudice and ruled the conviction admissible on that ground.

The trial judge also concluded that a conviction for intimidating a witness involved direct interference with the judicial process and, therefore, became admissible under ER 609(a)(2) because it involved dishonesty or false statement. We affirm the trial judge on both grounds.

The crime of intimidating a witness is defined in RCW 9A.72.110(1).[2]

The gravamen of the offense of intimidating a witness is illegally attempting to change the testimony of that

---

[1]ER 609(a) reads as follows:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

[2]Under the applicable version of RCW 9A.72.110(1), a person is guilty of intimidating a witness "if, by use of a threat directed to a witness or a person he has reason to believe is about to be called as a witness in any official proceeding, he attempts to:

"(a) Influence the testimony of that person; or

"(b) Induce that person to elude legal process summoning him to testify; or

"(c) Induce that person to absent himself from such proceedings."

witness or prevent the witness from testifying at all. Thus, intimidation of a witness is very similar to subornation of perjury. It involves a direct interference with the court's factfinding process and clearly involves dishonesty and false statement since the apparent purpose of intimidating a witness would be to cause false testimony or deny the court the benefit of the testimony altogether. A conviction for intimidating a witness bears directly upon the propensity of that defendant to testify truthfully. Accordingly the trial judge did not err in admitting Delker's prior conviction for impeachment purposes.

Delker further contends, however, that it was error for the trial judge to change his ruling after Delker had given his direct testimony. Delker contends he made his decision to take the stand based on the belief that he would only be asked about a prior felony conviction without the particular felony being identified. He argues that had the court's final ruling been made initially, he might well have decided not to testify.

Although the trial judge did change his ruling after Delker had testified on direct, we find this ruling was well within the discretion of the trial court and did not amount to reversible error. The trial judge's reversal of his prior decision was attributable solely to his discovery that Delker had misinformed and misled the court as to the circumstances of his prior conviction. In changing his ruling, the trial judge was reacting to a change in circumstances brought on by Delker's own misleading statements. If the change in the ruling presented Delker with a problem, it was a problem of his own creation.

Oh, what a tangled web we weave,
When first we practise to deceive!

Sir Walter Scott, "Marmion" (1808).

Delker also contends that the evidence in the case was insufficient to sustain the conviction. Delker bases this argument on the contention that eyewitness testimony is unreliable.

■ The test in criminal cases for sufficiency of the evidence is stated in *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)):

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Italics omitted.)

Second degree malicious mischief is defined in RCW 9A.48.080(1)(a) as knowingly and maliciously causing physical damage to the property of another in an amount exceeding $250.

In this case, the amount of the damage was undisputed and the only question was the identity of the person causing the damage. Two eyewitnesses identified Delker as the person who committed the crime and both had observed Delker earlier in the evening. The jury was entitled to believe the testimony of the eyewitnesses. Delker's contention that the evidence was insufficient to support his conviction is without merit.

The judgment is affirmed.

ANDERSEN, C.J., and CALLOW, J., concur.

Reconsideration denied July 13, 1983.

Review denied by Supreme Court October 7, 1983.