[No. 18083-2-III.    Division Three.    February 1, 2000.]
THE STATE OF WASHINGTON, *Respondent*, v. DAVID WAYNE
BANKSTON, *Appellant*.

*Gary C. Hugill*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for respondent.

Brown, A.C.J. — David W. Bankston, convicted for possessing methamphetamine, now appeals the trial court's decisions under ER 609 to allow evidence of Mr. Bankston's witness tampering conviction and excluding evidence of another witness's prior drug conviction. In an issue of first impression, we decide witness tampering is a crime of dishonesty automatically admissible under ER 609(a)(2). Further, we follow settled law that drug convictions have little to do with credibility. Accordingly, we affirm.

## FACTS

Mr. Bankston and his passenger, Thomas J. Hunt, were driving near Prosser. After Officers Scott Hutson and John Markus noticed that Mr. Bankston's vehicle did not have operating brake lights and was weaving between lanes and the shoulder of the road, they stopped Mr. Bankston. Mr. Bankston provided Officer Hutson with a suspended California Driver's License. Mr. Bankston was then arrested.

Mr. Bankston's vehicle was searched incident to his arrest. Officer Markus located an Excedrin bottle with a brown rock in it that later tested positive for methamphetamine. Officer Hutson located a manila envelope on the backseat with a pipe in it that tested positive for methamphetamine. Mr. Bankston denied knowledge of either the Excedrin bottle or the pipe, but admitted ownership of the envelope. Mr. Bankston was charged with possession of a controlled substance, methamphetamine.

Before trial, the State sought to admit two of Mr. Bankston's convictions occurring after this incident under ER 609. The first was a possession conviction. The second conviction was for witness tampering. The court allowed solely the witness tampering conviction, reasoning it was a crime of dishonesty.

Mr. Bankston's defense was that the Excedrin bottle and pipe belonged to Mr. Hunt. He moved to introduce evidence of Mr. Hunt's conviction for possession of a controlled substance, methamphetamine, which took place 30 to 45 days after this incident. The court denied Mr. Bankston's request, concluding the probative value of the conviction was outweighed by the prejudice to the State. The jury then found Mr. Bankston guilty. He now appeals.

## ANALYSIS

The issue is whether the trial court erred by admitting Mr. Bankston's witness tampering conviction as a crime of dishonesty under ER 609(a)(2) and rejecting evidence of a witness's drug conviction under ER 609(a)(1).

Evidence of prior convictions may be admissible for the purpose of attacking the credibility of a witness, including a criminal defendant, under ER 609. A trial court's ruling under ER 609 is reviewed under an abuse of discretion standard. *State v. Rivers*, 129 Wn.2d 697, 704-05, 921 P.2d 495 (1996) (citing *State v. King*, 75 Wn. App. 899, 910 n.5, 878 P.2d 466 (1994), *review denied*, 125 Wn.2d 1021 (1995)). Abuse occurs when the ruling of the trial court is manifestly unreasonable or discretion is exercised on untenable or unreasonable grounds. *State v. Moore*, 33 Wn. App. 55, 61, 651 P.2d 765 (1982). The appellant bears the burden of proving abuse of discretion. *State v. Hentz*, 32 Wn. App. 186, 190, 647 P.2d 39 (1982), *rev'd on other grounds*, 99 Wn.2d 538, 663 P.2d 476 (1983).

First, Mr. Bankston argues his prior witness tampering conviction is not a crime of dishonesty. ER 609(a)(2) requires the court to admit evidence showing conviction for crimes of dishonesty. Generally, prior offenses not involving crimes of dishonesty are not likely to be probative of a witness's veracity. *State v. Calegar*, 133 Wn.2d 718, 723, 947 P.2d 235 (1997).

Whether witness tampering is a crime of dishonesty is an issue of first impression. However, Division One addressed

the similar issue of whether intimidating a witness is a crime of dishonesty. The court held:

> The gravamen of the offense of intimidating a witness is illegally attempting to change the testimony of that witness or prevent the witness from testifying at all. Thus, intimidation of a witness is very similar to subornation of perjury. It involves a direct interference with the court's fact finding process and clearly involves dishonesty and false statement since the apparent purpose of intimidating a witness would be to cause false testimony or deny the court the benefit of the testimony altogether. A conviction for intimidating a witness bears directly upon the propensity of that defendant to testify truthfully.

*State v. Delker*, 35 Wn. App. 346, 349-50, 666 P.2d 896, *review denied*, 100 Wn.2d 1016 (1983). Consistently, the *Delker* court concluded intimidating a witness was a crime of dishonesty.

Under the applicable version of RCW 9A.72.110(1), in effect at the time of *Delker*:

> [A] person is guilty of intimidating a witness if, by use of a threat directed to a witness or a person he has reason to believe is about to be called as a witness in any official proceeding, he attempts to:
>
> (a) Influence the testimony of that person; or
>
> (b) Induce that person to elude legal process summoning him to testify; or
>
> (c) Induce that person to absent himself from such proceedings.

*Delker*, 35 Wn. App. at 349 n.2.

By comparison, Mr. Bankston was convicted of witness tampering under RCW 9A.72.120, which provides:

> (1) A person is guilty of tampering with a witness if he or she attempts to induce a witness or person he or she has reason to believe is about to be called as a witness in any official proceeding or a person whom he or she has reason to

believe may have information relevant to a criminal investigation or the abuse or neglect of a minor child to:

> (a) Testify falsely or, without right or privilege to do so, to withhold any testimony; or

> (b) Absent himself or herself from such proceedings; or

> (c) Withhold from a law enforcement agency information which he or she has relevant to a criminal investigation or the abuse or neglect of a minor child to the agency.

Similar to intimidating a witness, witness tampering involves attempting to change or withhold a witness's testimony and thus interfering with the court's fact-finding process. Therefore, following the reasoning in *Delker*, a witness tampering conviction bears directly upon the propensity of the defendant to testify truthfully. The trial court did not abuse its discretion by allowing Mr. Bankston's prior conviction for witness tampering as a crime of dishonesty without any balancing under ER 609(a)(1).

Second, Mr. Bankston contends the trial court abused its discretion by excluding Mr. Hunt's prior possession of methamphetamine conviction. Mr. Hunt's conviction does not qualify as a crime of dishonesty and thus, evidence of that conviction was not per se admissible under ER 609(a)(2). Whether to admit the evidence under ER 609(a)(1) was a decision within the trial court's discretion and will not be disturbed absent a clear abuse. *Rivers*, 129 Wn.2d at 704-05. The trial court stated Mr. Hunt's prior conviction was not related to Mr. Bankston's case and that its only value would be "in saying that, well, he did it then and he did it again." The court concluded the prejudice to the State outweighed the probative value. The court's exclusion of the evidence based on its balancing of the probative value with the prejudicial effect was not an abuse of discretion.

We note a trial court exercising its discretion under ER 609 must not merely weigh the prejudicial effect of the prior conviction against the probative value of the evidence

but must additionally consider and weigh the *Alexis* factors. *State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980). Neither party discusses *Alexis*, thus we observe in passing that such a failure is not reversible error unless " 'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980), *review denied*, 95 Wn.2d 1010 (1981)).

Here, Mr. Hunt testified he could not recall if he used methamphetamine on the night Mr. Bankston was arrested, but he was familiar with the drug. Based on this testimony, the jury could have inferred that Mr. Hunt had possessed methamphetamine in the past. Consequently, any failure to consider the *Alexis* factors on the record was harmless, as the record provided a basis for Mr. Bankston to argue Mr. Hunt's involvement consistently with his defense.

Affirmed.

SCHULTHEIS and KATO, JJ., concur.