43 P.3d 32 (2002)
110 Wash.App. 832
STATE of Washington, Appellant,
v.
Gregory R. ROHRICH, Respondent.
No. 20182-1-III.
Court of Appeals of Washington, Division 3, Panel Seven.
March 26, 2002.
*33 James H. Kaufman, Pros. Atty., Colfax, for Appellant.
John S. Snyder, Pullman, for Respondent.
KATO, J.
Gregory Rohrich was charged with first degree child molestation in June 1999. The court dismissed the charge with prejudice pursuant to CrR 8.3(b). We affirm.
In 1993, Mr. Rohrich was convicted of one count of first degree rape of a child and two counts of first degree child molestation. In 1996, this court reversed his conviction. State v. Rohrich, 82 Wash.App. 674, 918 P.2d 512, review granted, 130 Wash.2d 1017, 928 P.2d 416 (1996). Our Supreme Court upheld the reversal in 1997. State v. Rohrich, 132 Wash.2d 472, 939 P.2d 697 (1997). The parties and the trial court referred to these events as Rohrich I.
The State intended to retry Mr. Rohrich on all charges. The refiled action that eventually ended up in a plea bargain was referred to as Rohrich II by the parties and the trial court.
In August 1997, the Whitman County Sheriff received a report that Mr. Rohrich had molested two other children between 1991 and 1993. The parties and the trial court referred to the investigation of these incidents as Rohrich III.
The investigation in Rohrich III consisted of interviews with the alleged victims. These interviews were completed by September 10, 1997. On December 10, 1997, the investigating officer filed his report with the prosecutor. On December 14, 1998, one of the victims made a taped statement. The prosecutor, however, did not receive this statement until March 23, 1999.
From November 1997 through November 1998, the prosecutor and defense attorneys were negotiating a plea in Rohrich II. During these negotiations, the defense attorneys learned of the Rohrich III investigation.
On November 24, 1998, Mr. Rohrich pleaded guilty to one count of attempted first degree child molestation and was sentenced to 51 months in Rohrich II. Because the time he had served (including good time) exceeded his sentence, he was released on community supervision.
On July 1, 1999, the State charged Mr. Rohrich with one count of first degree child molestation in Rohrich III. He moved to dismiss that charge under CrR 4.3, CrR 4.3A, and CrR 8.3(b). The court dismissed the charges pursuant to CrR 8.3(b). The State appealed.
The State claims the court erred by dismissing the charges against Mr. Rohrich. The court's decision to dismiss a charge under CrR 8.3(b) is reviewed for a manifest abuse of discretion. State v. Michielli, 132 Wash.2d 229, 240, 937 P.2d 587 (1997).
Two things must be shown before a court can dismiss charges under CrR 8.3(b). First, there must be arbitrary action or governmental misconduct. Michielli, 132 Wash.2d at 239, 937 P.2d 587. Second, the defendant must show prejudice affecting his right to a fair trial. Id. at 240, 937 P.2d 587. But dismissal under CrR 8.3(b) is an extraordinary remedy and is not designed to give courts "the authority to substitute their judgment for that of the prosecutor." State v. Starrish, 86 Wash.2d 200, 205, 544 P.2d 1 (1975).
The State first asserts that dismissal was improper because there was no arbitrary action or governmental misconduct. Governmental misconduct does not require an evil or dishonest action, "simple mismanagement is sufficient." Michielli, 132 Wash.2d at 239, 937 P.2d 587 (quoting State v. Blackwell, 120 Wash.2d 822, 831, 845 P.2d 1017 (1993)).
Here, the court determined that the State's lengthy delay in filing the charge constituted misconduct. The State first had notice of the incident forming the basis for the Rohrich III charge in August 1997. Initial interviews were completed by September *34 10, 1997. The investigating officer filed his report with the prosecutor on December 10, 1997. The officer's report does not indicate that the investigation was ongoing. One of the victims provided a taped statement to the Sheriff on December 14, 1998. The record does not reflect why this statement took so long to obtain. In any event, the content of this taped statement is substantially the same as the information contained in the police report.
Furthermore, a letter to the prosecutor from the Rohrich III victim's psychologist indicated that he stopped working with the victim in 1997. The letter also noted the State had not requested his records until 2000, some three years later.
As of the latter part of 1997, the State apparently had all the information it needed to file the charge. Yet it waited almost two years to actually file the charge. The record does not indicate any reason or excuse for the delay. CrR 8.3(b) exists to ensure that defendants are fairly treated. Michielli, 132 Wash.2d at 245, 937 P.2d 587. In the circumstances here, the State's conduct was simple mismanagement at best and unfair at worst. The court did not abuse its discretion by determining that the first requirement of CrR 8.3(b) was met.
The next inquiry is whether the court abused its discretion by concluding that Mr. Rohrich's right to a fair trial was prejudiced by the State's delay in filing the charge. Prejudice includes the impact on the defendant's right to a speedy trial, effective assistance counsel, and the opportunity to prepare a defense. Michielli, 132 Wash.2d at 240, 937 P.2d 587.
The court first concluded Mr. Rohrich suffered prejudice because he lost the right to request either permissive or mandatory joinder with Rohrich II. But because the charges involved separate victims, he would not have been entitled to mandatory joinder. See State v. Lee, 132 Wash.2d 498, 503-05, 939 P.2d 1223 (1997). It is also uncertain that a motion for permissive joinder would have been granted. In these circumstances, the inability to make a joinder request did not prejudice Mr. Rohrich's right to a fair trial.
The court next found that Mr. Rohrich suffered prejudice because he lost the right to plea bargain Rohrich II and III together. However, there is no constitutional right to a plea bargain. State v. Bogart, 57 Wash.App. 353, 356, 788 P.2d 14 (1990). Because he had no such right, his inability to plea bargain both cases at once also did not affect his right to a fair trial.
The court next determined that Mr. Rohrich's right to a fair trial was prejudiced because his conviction in Rohrich II could be used for impeachment in Rohrich III. The court's determination was based on the assumption that Mr. Rohrich would go to trial and choose to testify. It also presupposes the prior conviction would be admissible.
Under ER 609(a)(1), a felony conviction is admissible to impeach a witness if the trial court determines the probative value of admitting the evidence outweighs the prejudicial effect to the defendant. State v. Smith, 67 Wash.App. 81, 89, 834 P.2d 26 (1992), aff'd 123 Wash.2d 51, 864 P.2d 1371 (1993). Because the crime in Rohrich II is the same as the crime in Rohrich III, it is likely a court would find the admission of that conviction to be highly prejudicial. See generally State v. Bankston, 99 Wash.App. 266, 270-71, 992 P.2d 1041 (2000). It is questionable, however, whether the mere possibility that this prior conviction could perhaps be used to impeach him prejudicially affected his right to a fair trial.
The court further determined Mr. Rohrich was prejudiced because Rohrich II and III would be sentenced separately. It opined that, had Mr. Rohrich been sentenced on the charges in both cases on the same day, they would have been current offenses and would have therefore run concurrently. State v. Smith, 74 Wash.App. 844, 852-53, 875 P.2d 1249 (1994), review denied, 125 Wash.2d 1017, 890 P.2d 19 (1995). The court also stated that, if Mr. Rohrich had been serving time for Rohrich II when he was sentenced for Rohrich III, these sentences would also have run concurrently. However, the sentence imposed in Rohrich II did not actually require him to serve any time because of credit received for time served. Accordingly, any sentence imposed in Rohrich III would *35 have required him to serve more time in any event. The court's reasoning does not support a finding of prejudice on this ground.
The court also noted the State's actions would double Mr. Rohrich's probationary period. At the time he was charged in Rohrich III, Mr. Rohrich was on community supervision, limited to a period of two years, for his conviction in Rohrich II. When Rohrich III was dismissed, Mr. Rohrich had served almost two years of community supervision. The court thus correctly concluded that any sentence for Rohrich III would impose an additional period of community supervision. It observed that, if Rohrich II and III had been sentenced together, community supervision for both offenses would have been limited to two years. Handling of these cases separately would then have an effect on the time Mr. Rohrich spent on community supervision.
Upon a conviction in Rohrich III, the State's actions would have resulted in detriment to Mr. Rohrich as to sentencing issues. But sentencing issues do not directly relate to Mr. Rohrich's right to a fair trial.
The court further found the State's treatment of Mr. Rohrich was prejudicial because, over several years, he faced serious criminal charges and was forced to defend himself. The Rohrich III incident allegedly occurred between 1991 and 1993. The State first learned of the incident in 1997. The record indicates the State received the majority of the information relating to this crime by the end of 1997. But charges were not filed until 1999, six to eight years after the crime had allegedly occurred. The court determined this lengthy delay inhibited Mr. Rohrich's ability to prepare a defense. Witnesses' memories could have faded and Mr. Rohrich's own ability to recall the incident could have been compromised. This delay affected Mr. Rohrich's ability to prepare his defense and thus affected his right to a fair trial.
CrR 8.3(b) requires that the defendant's right to a fair trial be affected before a court can dismiss a charge. Many of the reasons the court gave for finding prejudice do not directly affect Mr. Rohrich's right to a fair trial. However, the lengthy delay in filing the charge did inhibit his ability to present a defense, which does affect his right to a fair trial. This is a sufficient tenable basis for the court's decision.
Moreover, this court must consider the general purpose behind CrR 8.3(b), which is to ensure that defendants are treated fairly. See State v. Stein, 144 Wash.2d 236, 249, 27 P.3d 184 (2001). The record suggests unfair treatment of Mr. Rohrich. Given the rule's purpose and the highly deferential standard of review accorded to the trial court's decision, we cannot conclude the court abused its discretion by dismissing the charge.
Affirmed.
WE CONCUR: KURTZ, C.J. and SCHULTHEIS, J.