104 P.3d 714 (2005)
STATE of Washington, Appellant,
v.
Donald Yang BUDGE, Respondent.
Nos. 31352-9-II, 31362-6-II.
Court of Appeals of Washington, Division Two.
January 11, 2005.
*715 Mary Katherine Young High, Attorney at Law, Michael Edward Schwartz, Law Offices of Michael Schwartz, Tacoma, WA, for Appellant.
Donna Yumiko Masumoto, Attorney at Law, Pierce Co. Prosc. Atty. Ofc., Tacoma, WA, for Respondent.
BRIDGEWATER, J.
The State appeals from the trial court's order requiring specific performance of a plea agreement. We hold that where the plea agreement was based on a miscalculated offender score, the State may revoke the plea agreement. We reverse.
The State charged Donald Budge with one count of second degree identity theft and two counts of forgery on April 24, 2003. A King County trial court sentenced Budge in an unrelated forgery case on May 30, 2003. As part of his sentence, the court imposed one year of community custody.
On July 16, the State charged Budge with one count of second degree identity theft and one count of forgery in Pierce County. These new offenses occurred on June 22, 2003, while Budge was still under community custody for his King County conviction.
Eventually the State learned of further criminal allegations against Budge. The police forwarded to the State additional reports involving allegations that Budge committed the crime of identity theft against 15 additional victims.
The State entered into plea negotiations with Budge. It offered to allow him to plead guilty to six felony charges arising from a combination of the two charged cases and the uncharged cases. The State told Budge that if he decided not to accept the plea proposal and the case went to trial, the State would amend the charges and add one count of second degree possession of stolen property, three additional counts of second degree identity theft, three additional counts of forgery, and one count of driving with a suspended license. Defense counsel accepted the State's offer via telephone, but counsel misspoke and incorrectly stated that Budge agreed to plead guilty to five felonies instead of the actual six listed in the State's proposal. The State sent defense counsel a letter on September 26, clarifying that the offer was for six felonies, not five. Between September 26 and September 29, the parties had a further conversation, and Budge eventually agreed to accept the State's plea.
The prosecutor who presented the plea offer believed that if Budge pleaded to six felony charges the result would be an offender score of six and a standard range of 17-22 months. The offender score of six included Budge's prior forgery conviction from King County.
But because forgery is not generally an offense that involves community custody, the prosecutor was not aware that Budge was on community custody for his King County conviction at the time he committed his June 22 offenses. See RCW 9.94A.715. Under RCW 9.94A.650(2), however, a defendant who qualifies as a first-time offender may receive community custody as part of a forgery conviction. If that defendant later commits an additional crime while serving his community custody, the defendant receives an additional offender score point at the time of sentencing for the subsequent crime. RCW 9.94A.525(17); State v. Crandall, 117 Wash.App. 448, 450-51, 71 P.3d 701 (2003).
*716 On September 29, the parties tried to complete the paperwork for Budge's guilty plea. Defense counsel noted that the State should have added an additional point to Budge's offender score under the Washington sentencing guidelines since Budge was on community custody at the time he committed his new offenses. Defense counsel assumed that the State was aware of the sentencing requirements, and the parties completed the plea paperwork.
Later that day, after defense counsel received the amended information from the State, he realized that the State had charged Budge for criminal conduct occurring while on community custody but had not included the additional point in Budge's offender score. Defense counsel pointed out the error to the State. The State responded that Budge could plead guilty to the same number of counts but with an increased offender score. Defense counsel told the State that the new arrangement was not the one to which the parties had agreed. The State then asked defense counsel if Budge was rejecting the State's proposal. Defense counsel responded that Budge had already accepted the State's proposal. At that point, the State revoked the plea proposal.
Budge moved for specific performance of the plea agreement on November 20, 2003. The trial court granted Budge's motion on January 23, 2004. In its findings, the trial court found that Budge detrimentally relied on the State's offer.
The State filed a motion for discretionary review. It also filed motions to consolidate the two cases and to stay the trial court proceedings pending review. A commissioner from this court granted each of the State's motions.

I. Standard of Review
Absent a guilty plea or some other form of detrimental reliance, the State may revoke any plea proposal. State v. Wheeler, 95 Wash.2d 799, 805, 631 P.2d 376 (1981). It is the defendant's burden to establish detrimental reliance. State v. Bogart, 57 Wash.App. 353, 357, 788 P.2d 14 (1990).
Where the defendant did not enter a guilty plea, the defendant must establish that he relied on the bargain in a manner that makes a fair trial impossible. Bogart, 57 Wash.App. at 357, 788 P.2d 14. To determine whether a defendant detrimentally relied on a revoked plea offer, we must resolve the factual issues of how far the proposal extended and what the reasonable expectations of the parties were. Bogart, 57 Wash.App. at 356, 788 P.2d 14.
The superior court's written findings stated that Budge detrimentally relied on the State's plea proposal. We must first decide if substantial evidence supports the trial court's findings of fact. State v. Vickers, 148 Wash.2d 91, 116, 59 P.3d 58 (2002). If yes, then we decide whether the findings of fact support the trial court's conclusions of law. Vickers, 148 Wash.2d at 116, 59 P.3d 58. "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding." State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999) (citing State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994)).

II. Detrimental Reliance
The State argues that the trial court erred when it granted specific performance to Budge because Budge failed to show he had either entered the plea or detrimentally relied on the plea offer. We agree.
We view a plea bargain as a contract. State v. Sledge, 133 Wash.2d 828, 838, 947 P.2d 1199 (1997). As such, once a defendant enters a plea in reliance on the agreement, the State cannot revoke the plea bargain. Wheeler, 95 Wash.2d at 803, 631 P.2d 376. If the State revokes the bargain after the defendant has entered the plea, specific performance may be ordered. State v. Schaupp, 111 Wash.2d 34, 41, 757 P.2d 970 (1988). However, there is no such requirement if the State revokes a plea offer, and, in the case at bar, there is no evidence that a plea bargain as opposed to an offer existed.
The difference between a plea proposal and a plea bargain is that in a plea bargain, the defendant has taken some action, such as pleading guilty to a lesser charge. *717 Bogart, 57 Wash.App. at 357, 788 P.2d 14. But here, the State made an offer that if he pleaded guilty to six felony charges, the State would recommend a 17-month sentence. But on the day the parties were to enter the plea agreement, the State realized that Budge's score was seven because he was on community custody and recommended a sentence at the low end of the standard range for an offender score of seven instead of six. Budge refused the offer. The State then withdrew its offer.
Our Supreme Court stated in Wheeler, 95 Wash.2d at 803, 631 P.2d 376, that the State can revoke a plea proposal offered to a defendant up until the time the defendant enters a plea or has done some act in detrimental reliance on the State's proposal. Here, Budge had not yet entered a plea when the State revoked its plea proposal. Thus, Budge must show that he detrimentally relied on the State's proposal in such a manner that a fair trial is no longer possible. Bogart, 57 Wash.App. at 357, 788 P.2d 14. If substantial evidence does not support the trial court's ruling, then we must vacate the trial court's findings.
Budge offers no evidence to show that he detrimentally relied on the State's plea proposal except to point out that the trial court's findings stated that his offender score would have been higher had the State not offered him the plea. But, the fact that Budge may face more criminal charges if he goes to trial does not affect his ability to receive a fair trial. Moreover, the State told Budge that if he refused to accept the State's plea, the State would file additional charges against him. Finally, defense counsel knew that the State had likely miscalculated Budge's offender score but raised this issue only on the day Budge was to enter the plea. Budge fails to cite authority in support of his position.
If Budge has shown any reliance, it is merely psychological reliance. But psychological reliance is insufficient to establish the necessary detrimental reliance on a plea offer that compels specific performance. Wheeler, 95 Wash.2d at 805, 631 P.2d 376. Thus, Budge has presented no factual evidence to show detrimental reliance, nor has he presented any evidence of his inability to receive a fair trial because the State revoked its plea proposal. The trial court did not make a finding that his right to a fair trial was prejudiced. Thus, the order for specific performance is not supported by evidence. The trial court erred in ordering specific performance.
Reversed and remanded.
We concur: HOUGHTON, J., and QUINN-BRINTNALL, C.J.