[No. 72549-7.   En Banc.]
Argued January 9, 2003.    Decided February 13, 2003.

THE STATE OF WASHINGTON, *Respondent*, v.
ABDUL H. JONES, *Petitioner*.

*Oliver R. Davis* (of *Washington Appellate Project*), for petitioner.

*Janis E. Ellis, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

PER CURIAM — The Court of Appeals reversed Abdul Jones's convictions for various crimes because the trial court had denied him discovery of the records of an internal police investigation. On remand, the trial court reviewed the requested discovery, determined that it would not have changed the outcome of the trial, and on that basis left the original convictions intact. Jones appealed a second time, arguing that the trial court had failed to follow the Court of Appeals mandate. The Court of Appeals affirmed. We reverse that second decision, concluding that the first Court of Appeals decision, by reversing Jones's convictions in his first appeal, entitled him to a new trial on remand.

The Snohomish County jail granted Jones a 12-hour furlough, but he failed to return. Several days later, following a high-speed car chase, Jones crashed his car into a light pole. Several police officers quickly surrounded the

car. Jones later said he was knocked unconscious during the crash, and when he came to, he saw a handgun on the floor in front of him. And when he tried to throw the gun into the backseat, it discharged. The officers, in contrast, said Jones fired twice at them, so two of the officers returned fire. Jones was hit in the hand.

Before trial, Jones sought discovery of the internal police investigation into the shooting. The trial court quashed the subpoena duces tecum without reviewing the contents of the investigation report. A jury found Jones guilty of assault, possession of a firearm, attempting to elude officers, and failure to return from a jail furlough. Jones appealed, arguing that the files concerning the internal investigation were discoverable; that he was not advised of his constitutional rights before giving certain statements; that the trial court erred by denying his motions to substitute counsel, continue a posttrial hearing, and for new trial; and that his sentence was wrongly calculated.

The Court of Appeals held that the trial court should have, at minimum, conducted an in camera examination of the internal investigation material to determine whether it should be disclosed or was privileged. The court therefore reversed Jones's convictions and remanded for proceedings consistent with its opinion. In so doing the court stated that since it was reversing Jones's convictions, it need not address the other issues he had raised on appeal. The court instructed the trial court "to review the materials in camera before making any finding or ruling on the issue of privilege. If the court permits discovery of the materials, then the court certainly retains full discretion to issue a protective order or impose any other appropriate limitations on discovery." *State v. Jones*, 96 Wn. App. 369, 378, 979 P.2d 898 (1999).

On remand, the trial court held an in camera hearing, decided the internal investigation material was discoverable, but also decided the information would not have changed the outcome of the trial. The trial court refused to

conduct a new trial and, over Jones's objection, left intact the earlier jury convictions.

Jones appealed the trial court's decision, arguing that the Court of Appeals had reversed his convictions and the trial court had thus violated the court's mandate by refusing to conduct a new trial. The Court of Appeals affirmed, holding that the trial court was in the best position to evaluate the information and did not abuse its discretion by denying Jones a new trial.

■ When an appellate court "reverses a judgment and makes no final disposition of the case, the usual procedure contemplated is a new trial. This is true when it is fairly apparent from the court's discussion of the case that the cause is remanded with that object in view." *Elliott v. Peterson*, 92 Wn.2d 586, 588, 599 P.2d 1282 (1979) (citations omitted). The Court of Appeals plainly stated in Jones's first appeal that it was reversing his convictions, based on one of his assignments of error. And that decision said in a closing footnote that the court "therefore need not reach the remaining issues raised by Jones in this appeal." *Jones*, 96 Wn. App. at 382 n.12. Since the court was dealing with an appeal as of right, under both our court rules and article I, section 22 of our state constitution, declining to reach those additional issues plainly signaled the court's intent that the remand be for a new trial. Otherwise, the court would have decided the remaining issues or explained why it was not obliged to do so. Furthermore, the court gave specific instructions to the trial court on remand to determine whether the information was privileged and to what extent, if any, discovery limitations would be necessary. Those instructions were meaningless unless the court was contemplating a new trial, at which a jury would determine the weight, if any, to give to the new evidence. We see no possible interpretation other than that Jones was entitled to a new trial, and the trial court erred by ruling otherwise.

Accordingly, we reverse and remand for a new trial.

Reconsideration denied May 1, 2003.