FILED
COURT OF APPEALS
DIVISION II

2013 OCT 29 AM 9: 47

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42861-0-II |
| Respondent, | |
| v. | |
| T.T., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Following an earlier direct appeal and remand for further proceedings, TT[1] again appeals his first degree child rape juvenile court adjudication. He primarily argues that the juvenile court erred by conducting a supplemental hearing on remand instead of holding a new trial. Because our 2010 decision reversed TT's adjudication due to a confrontation clause violation and we declined to reach TT's remaining claims, a new trial was required when we "remand[ed] for further proceedings." Accordingly, we reverse and again remand for a new trial.

FACTS

In 2008, the juvenile court adjudicated TT guilty of first degree child rape. *State v. T.T.*, noted at 157 Wn. App. 1011, 2010 WL 2927453, at *1. On appeal, TT argued that the juvenile court had violated his confrontation clause rights by admitting child hearsay testimony when the State failed to ask the victim at trial about his (the victim's) out-of-court statements. In 2010, we held that the juvenile court violated RCW 9A.44.120 and TT's rights under the federal and state

---

[1] We use initials to protect minors' privacy.

confrontational clauses. *T.T.*, 2010 WL 2927453, at *3. Although TT requested that his charges be dismissed with prejudice, we disagreed. *T.T.*, 2010 WL 2927453, at *3. Because the evidence at trial, including the erroneously admitted hearsay was sufficient to support proof of the elements of first degree child rape beyond a reasonable doubt, we reversed TT's adjudication based solely on the confrontation violation, declined to reach TT's other arguments, and remanded for further proceedings. *T.T.*, 2010 WL 2927453, at *3.

At a hearing on remand, the juvenile court noted that it had reviewed the State's trial memorandum and our 2010 opinion, and had spoken with the State and with defense counsel the day before. Both parties interpreted our 2010 decision (1) to direct the juvenile court to engage in "further proceedings" which "would be most appropriately handled by the State presenting additional testimony regarding the child hearsay statements" and (2) to not direct the juvenile court to conduct a new trial. Verbatim Report Proceedings (Nov. 22, 2011) at 18. The State then called the child victim to the stand and asked him several questions about the alleged incident and his out-of-court statements. Defense counsel was afforded cross-examination.

After the State rested, TT moved to dismiss arguing that the victim's lack of memory could not support introduction of the child hearsay statements. The juvenile court denied TT's motion, ruling that the confrontation clause and the *Clark*[2] test were satisfied because the child victim took the stand and was asked questions about his prior out-of-court statements.. The juvenile court again adjudicated TT guilty of first degree child rape. TT again appeals his adjudication.

---

[2] *T.T.*, 2010 WL 2927453, at *2 (citing *State v. Clark*, 139 Wn.2d 152, 159, 985 P.2d 377 (1999)).

ANALYSIS

TT argues that he was entitled to a new trial on remand and that the juvenile court erred by conducting only a supplemental hearing.[3] We agree. A new trial on remand was necessary because our prior decision reversed based solely on confrontation clause grounds and, thus, neither reached nor resolved TT's other arguments on appeal.

RAP 12.2 provides, in part, "The appellate court may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." When an appellate court reverses a judgment and makes no final ruling on all the issues in a case, the usual procedure contemplated is a new trial. "'This is true when it is fairly apparent from the court's discussion of the case that the cause is remanded with that object in view.'" *State v. Jones*, 148 Wn.2d 719, 722, 62 P.3d 887 (2003) (quoting *Elliot v. Peterson*, 92 Wn.2d 586, 588, 599 P.2d 1282 (1979)). Division One of this court has held that when we remand "for further proceedings" or instruct a trial court to enter judgment "in any lawful manner" consistent with our opinion, "we expect the court to exercise its authority to decide any issue necessary to resolve the case on remand." *State v. Schwab*, 134 Wn. App. 635, 645, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.3d 1151 (2008). But such language does not give the trial court the authority to decide that a new trial is not necessary when our decision has signaled that the remand is for a new trial. *See Jones*, 148 Wn.2d at 722.

---

[3] Because we reverse his adjudication and remand for a new trial, we do not reach his ineffective assistance of counsel claim. We also do not reach the insufficiency of the evidence argument because we addressed this issue in our 2010 decision and concluded there was sufficient evidence.

This case has important similarities to *Jones*. In *Jones*, the Supreme Court reversed the trial court's refusal to grant Jones a new trial after Division One of this court had reversed for a discovery violation and remanded to the trial court. *Jones*, 148 Wn.2d at 720. Before trial, Jones had sought discovery of an internal police investigation but the trial court denied his request. *Jones*, 148 Wn.2d at 721. After a jury found him guilty, Jones appealed arguing that the police investigation files were discoverable. *Jones*, 148 Wn.2d at 721. And Division One agreed, explaining that the trial court should have at least performed an in-camera examination, and remanded for proceedings "consistent with its opinion." *Jones*, 148 Wn.2d at 721. Division One also noted that it need not reach Jones's remaining arguments because it was reversing on the discovery violation. *Jones*, 148 Wn.2d at 722.

On remand, the trial court held an in-camera hearing and decided the investigation files were discoverable; but it ruled that the information would not have changed the trial's outcome, refused to conduct a new trial over Jones's objection, and left the earlier convictions intact. *Jones*, 148 Wn.2d at 721-22. Jones appealed again and our Supreme Court reversed, holding that on remand the trial court's failure to hold a new trial was error. *Jones*, 148 Wn.2d at 722. The Supreme Court explained that in the first appeal Division One was dealing with an appeal as of right under both our court rules and article I, section 22 of the state constitution, and, therefore, its declining to reach all of Jones's arguments "plainly signaled the court's intent that the remand be for a new trial." *Jones*, 148 Wn.2d at 722. Otherwise, Division One would have decided the remaining issues or explained why it was not obligated to do so. *Jones*, 148 Wn.2d at 722. "Furthermore, [Division One] gave specific instructions to the trial court on remand to determine whether the information was privileged and to what extent, if any, discovery

limitations would be necessary. Those instructions were meaningless unless the court was contemplating a new trial, at which a jury would determine the weight, if any, to give to the new evidence." *Jones*, 148 Wn.2d at 722.

Like in *Jones*, our prior opinion (1) dealt with an appeal as of right, (2) addressed only one of TT's several arguments, (3) indicated that we need not address TT's remaining arguments because we reversed on confrontation clause grounds, (4) gave specific instructions to address the confrontation clause violation, and (5) remanded "for further proceedings." *T.T.*, 2010 WL 2927453, *3. In similar circumstances, the Supreme Court held that under the court rules and the state constitution, not addressing all of Jones's arguments was a plain signal that the court intended a remand for a new trial rather than just a hearing to address the discovery issue. *Jones*, 148 Wn.2d at 722.[4]

The State argues here that a new trial was not necessary because our prior decision did not clearly direct the juvenile court on remand to conduct a new trial.[5] The State is correct that we did not directly say that a new trial was necessary, but we did say we "reverse[d] and remand[ed] for further proceedings." *T.T.*, 2010 WL 2927453, at *3. Division One in *Jones* remanded for "proceedings consistent with its opinion." *Jones*, 148 Wn.2d at 721. After noting that the usual procedure contemplated is a new trial, the Supreme Court determined that Division

---

[4] But TT's case also differs from *Jones* because (1) TT is a juvenile and therefore not entitled to a jury trial on remand and (2) TT agreed to the supplemental proceedings. These distinctions, however, do not alter our application of *Jones*'s rationale here.

[5] The State also argues that because both parties agreed with the juvenile court's reading of our prior opinion, we should agree that a new trial was not required. The State fails to cite any supporting authority for this argument so we consider it no further. RAP 10.3(a)(6), (b); *see also State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

One had "plainly" signaled its intention for a new trial. *Jones*, 148 Wn.2d at 722. We see no meaningful distinction between the language we used and the language used in Jones. We reject the State's argument.

Because our prior opinion on direct review did not address all of TT's arguments and because we "reverse[d] and remand[ed] for further proceedings," *T.T.*, 2010 WL 2927453, at *3, we signaled our intent that a new trial was required on remand. Accordingly, we reverse and again remand for a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Johanson, J

We concur:

_____
Hunt, J

_____
Worswick, C.J