# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | |
| | ) | No. 74904-8-I |
| A.N.B., DOB: 2/8/99; | ) | |
| A.J.B., DOB: 9/15/06; | ) | (Consolidated with Nos. |
| A.C.B, DOB: 12/15/99; | ) | 74905-6-I, 74906-4-I, and |
| A.J.B., DOB: 5/16/02. | ) | 74907-2-I) |
| | ) | |
| DEPARTMENT OF SOCIAL AND | ) | DIVISION ONE |
| HEALTH SERVICES, | ) | |
| | ) | |
| Respondent, | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CARLOS BENITEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: January 9, 2017 |

LEACH, J. — After our remand in an earlier appeal, the trial court entered amended findings of fact and an order terminating Carlos Benitez's parental rights to his four children. Contrary to Benitez's claims on appeal, the trial court did not violate our mandate or his due process rights when it entered the amended findings based on the existing record. Substantial evidence supports the new findings. Accordingly, we affirm.

No. 74904-8-I (consol. w/
Nos. 74905-6-I, 74906-4-1,
74907-2-I) / 2

PRIOR APPEAL

This is Benitez's second appeal from the trial court order terminating his parental rights. A detailed factual summary is set forth in our earlier decision.[1]

Benitez is the biological father of four children. In August 2010, Benitez was convicted of multiple felonies and ultimately sentenced to 31 years in prison. He concedes that he will remain incarcerated until at least 2031, well after his youngest child has turned 18.

In November 2013, the trial court terminated Benitez's parental rights to all four children. In ANB 1, we rejected Benitez's challenges to the trial court's dismissal of his guardianship petition and denial of his motion to remain unshackled during the termination proceedings.

Benitez also contended that the Department of Social and Health Services (Department) failed to prove two of the six statutory termination elements set forth in RCW 13.34.180(1). We decided that clear, cogent, and convincing evidence supported the trial court's finding that the Department offered Benitez "all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future."[2]

---

[1] See In re Welfare & Guardianship of A.N.B., No. 71230-6-I, slip op. at 2-3 (Wash. Ct. App. Feb. 23, 2015) (unpublished) (ANB 1), http://www.courts.wa.gov/opinions/pdf/712306.pdf.
[2] RCW 13.34.180(1)(d).

-2-

Benitez asserted that the Department also failed to prove that continuation of his relationship with the children clearly diminished their prospects for early integration into a stable and permanent home.[3] He argued that the record failed to show that the trial court considered recent amendments to RCW 13.34.180(1)(f) that applied to incarcerated parents. We agreed, rejecting the Department's arguments that the court's existing findings addressed the amended statutory requirements and that this court could infer the omitted findings.

We affirmed the termination order in part, reversed the trial court's ruling on RCW 13.34.180(1)(f), and remanded for further proceedings to address the statutory amendments:

> We express no opinion whether [the Department] proved the required factors on the record that is now before us. That is for the trial court to decide, in the first instance. But we cannot conclude that the trial court considered whether the amended language had been satisfied by clear, cogent, and convincing evidence. Accordingly, we must reverse this ruling and remand for further proceedings to address this element.[4]

On remand, the court denied Benitez's request for a new evidentiary hearing. The court found an additional evidentiary hearing was unnecessary because the Department had presented sufficient evidence in the first trial addressing the

---

[3] RCW 13.34.180(1)(f).
[4] ANB 1, slip op. at 14.

amended statutory requirements of RCW 13.34.180(1)(f) and Benitez had had a full

opportunity to address the Department's evidence:

> There isn't a need for an additional factfinding hearing in this case. We had the factfinding hearing, we had the trial and the State put on evidence that satisfied all three of those factors. Mr. Benitez was given the opportunity to address the evidence that the State produced. And so at this point it's appropriate to make additional findings to make it clear that the Court did consider those factors and that the Court is making specific findings with respect to those factors.

Based on the evidence presented at the termination trial, the court entered

written findings of fact expressly addressing the statutory factors for incarcerated

parents and an amended order terminating Benitez's parental rights. Benitez

appeals.

## ANALYSIS

### Failure To Comply with Mandate

Benitez contends the trial court failed to comply with this court's mandate and

violated the law of the case doctrine when it denied his request for an evidentiary

hearing. He argues that our remand in ANB 1 spoke "directly to a lack of proof" and

therefore required a new trial. We disagree.

Before July 2013, former RCW 13.34.180(1)(f) (2009) required that the State

prove that "continuation of the parent and child relationship clearly diminishes the

child's prospects for early integration into a stable and permanent home." Effective

July 28, 2013, the legislature amended RCW 13.34.180(1)(f) to add three specific

-4-

factors that the trial court must consider before terminating the parental rights of an

incarcerated parent:

> If the parent is incarcerated, the court shall consider [1] whether a parent maintains a meaningful role in his or her child's life based on factors identified in RCW 13.34.145(5)(b); [2] whether the department or supervising agency made reasonable efforts as defined in this chapter; and [3] whether particular barriers existed as described in RCW 13.34.145(5)(b) including, but not limited to, delays or barriers experienced in keeping the agency apprised of his or her location and in accessing visitation or other meaningful contact with the child.

The court's assessment of whether an incarcerated parent maintains a

"meaningful role" in the child's life includes consideration of the six factors identified

in RCW 13.34.145(5)(b):

> (i) The parent's expressions or acts of manifesting concern for the child, such as letters, telephone calls, visits, and other forms of communication with the child;
> (ii) The parent's efforts to communicate and work with the department or supervising agency or other individuals for the purpose of complying with the service plan and repairing, maintaining, or building the parent-child relationship;
> (iii) A positive response by the parent to the reasonable efforts of the department or the supervising agency;
> (iv) Information provided by individuals or agencies in a reasonable position to assist the court in making this assessment, including but not limited to the parent's attorney, correctional and mental health personnel, or other individuals providing services to the parent;
> (v) Limitations in the parent's access to family support programs, therapeutic services, and visiting opportunities, restrictions to telephone and mail services, inability to participate in foster care planning meetings, and difficulty accessing lawyers and participating meaningfully in court proceedings; and
> (vi) Whether the continued involvement of the parent in the child's life is in the child's best interest.

The 2013 amendments do not require the entry of formal written findings of fact addressing the factors relevant to incarcerated parents. Rather, they "simply mandate[ ] <u>consideration</u> of the parent's ability to maintain a meaningful role" in the child's life.[5]

As already indicated, we affirmed the termination order in <u>ANB</u> 1 in part, rejecting three of the four arguments that Benitez raised on appeal. We reversed only one portion of the termination order and remanded for further proceedings to address the amended statutory requirements for incarcerated parents.

In our decision, we distinguished <u>In re Dependency of A.M.M.</u>,[6] in which this court reversed a termination order because there was no evidence in the record that the trial court considered the 2013 statutory amendments to RCW 13.34.180(1)(f) or that the Department satisfied its burden of proof. We noted that unlike <u>A.M.M.</u>, the Department here made the trial court aware of the amended statutory language and presented evidence relevant to Benitez's relationship with his children.[7] We then expressly declined to rule on whether the Department "proved the required factors on the record that is now before us" and left that determination to the trial court.[8]

---

[5] <u>In re Parental Rights to M.J.</u>, 187 Wn. App. 399, 409, 348 P.3d 1265 (2015).
[6] 182 Wn. App. 776, 779, 332 P.3d 500 (2014).
[7] <u>ANB</u> 1, slip op. at 13-14.
[8] <u>ANB</u> 1, slip op. at 14.

Whether an appellate court reversal mandates a new trial or evidentiary hearing necessarily depends on the specific language of the decision and the appellate court's intent.[9] Viewed in context, nothing in our analysis in ANB 1 "speaks directly to a lack of proof" or suggests that we remanded for the purpose of a new trial. Had this court remanded for a new evidentiary hearing, our recognition of evidence in the existing record relevant to Benitez's relationship with his children and express refusal to rule on the sufficiency of the evidence, leaving that determination to the trial court, would have been meaningless.[10] Under the circumstances, the trial court's determination that the Department had proved the statutory factors on the existing record was consistent with our mandate and did not violate the law of the case.

Due Process

Benitez contends the trial court's entry of new findings without an evidentiary hearing violated his right to due process. In particular, he challenges the findings that he is currently unfit and that he did not play a meaningful role in his children's lives. He argues that he was denied the opportunity to be heard or to present evidence that he had made progress in correcting his parental deficiencies since the first trial.

---

[9] See State v. Jones, 148 Wn.2d 719, 722, 62 P.3d 887 (2003).
[10] See Jones, 148 Wn.2d at 722.

Benitez provides no analysis applying the three factors in Mathews v. Eldridge[11] to this case. Nor does he cite any relevant authority suggesting that the trial court's entry of additional findings on remand, based solely on the existing record, necessarily raised due process concerns.

Appellate courts have frequently remanded for the entry of omitted findings, giving the trial court discretion whether to conduct an evidentiary hearing or to base findings on existing evidence. In In re Parental Rights to M.J.,[12] the record failed to indicate how the trial court resolved conflicting evidence of whether an incarcerated mother had maintained a "meaningful role" in her child's life in light of the recently amended RCW 13.34.180(1)(f). The appellate court remanded for further proceedings with the following instructions:

> The trial court is free to conduct its assessment on the basis of the information already before it or, in its discretion, accept new information concerning the children, [the mother], or any other factor that may have changed since the trial last year. The court's assessment may lead to a new outcome or an affirmance of its original decision. The court should make some record of its consideration of the mother's "meaningful role" and its ultimate ruling affirming or dismissing the termination proceeding should be reduced to writing.[13]

---

[11] 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).
[12] 187 Wn. App. 399, 409-10, 348 P.3d 1265 (2015).
[13] M.J., 187 Wn. App. at 411.

Benitez also acknowledges that this court considered an analogous situation in In re Dependency of T.R.[14] In T.R., the trial court made the statutory findings supporting termination but did not order termination for 14 months while the parties pursued an unsuccessful guardianship.[15] On appeal, the mother argued that entry of the termination order 14 months after the evidentiary hearing violated her procedural due process rights because termination must be based on a current finding of parental unfitness.[16]

This court noted that the statute does not require entry of a termination order within a specified period after the fact-finding hearing and that "the trial evidence does not evaporate with the passage of time."[17] After balancing the Mathews factors, we rejected the mother's proposed bright-line rule requiring a new evidentiary hearing when entry of a final termination order is delayed. Although we acknowledged that a new hearing would have been preferable, its absence did not violate due process under the circumstances:

> Whether a further hearing is required depends upon the facts and circumstances of each case. If circumstances indicate any reasonable possibility that, in the interim, parental deficiencies have been corrected so that reunification is possible in the near future, the court should reopen the proceedings. This fully comports with due process:

---

[14] 108 Wn. App. 149, 29 P.3d 1275 (2001).
[15] T.R., 108 Wn. App. at 153.
[16] T.R., 108 Wn. App. at 154.
[17] T.R., 108 Wn. App. at 158.

"[F]undamental fairness may be maintained in parental rights termination proceedings even when some procedures are mandated only on a case-by-case basis, rather than through rules of general application." Here, there were no circumstances indicating any such possibility; rather, all indications were to the contrary. Due process therefore did not require reopening the evidentiary proceedings.[18]

Here, the trial court did not enter a new finding of current parental unfitness. Rather, it simply reentered the existing finding that Benitez did not challenge in his first appeal. Moreover, the trial court based its new findings addressing RCW 13.34.180(1)(f) on the existing evidence in the record. As the trial court observed, Benitez had a full opportunity to address or rebut all of the Department's evidence during the original trial. Finally, Benitez does not dispute that both at the time of the original trial and on remand following appeal, he would not be eligible to participate in meaningful services until 2029 and would not be released before 2031. Nothing in the record on remand indicated any reasonable possibility that parental deficiencies had been corrected "so that reunification is possible in the near future." Due process did not require a new evidentiary hearing on remand.

Sufficiency of the Evidence

Benitez argues that substantial evidence fails to support the trial court's amended findings. Based on the existing evidence, the court found that Benitez did not try to maintain a meaningful role in his children's lives, that the Department made

---

[18] T.R., 108 Wn. App. at 160 (alteration in original) (quoting Santosky v. Kramer, 455 U.S. 745, 757, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)).

reasonable efforts to provide services, and that no barriers prevented Benitez from establishing meaningful contact with the children. The additional findings clearly demonstrate that the trial court carefully weighed the relevant evidence and considered the statutory factors applicable to incarcerated parents.[19]

Moreover, to the extent necessary, substantial evidence in the existing record supported the amended findings. To meet its burden, the Department must prove the statutory termination factors in RCW 13.34.180(1) by clear, cogent, and convincing evidence. Clear, cogent and convincing evidence exists when the evidence shows the ultimate fact at issue to be highly probable.[20]

As we noted in the first appeal, the only meaningful parental services available to Benitez in prison will not be available until 2029. Benitez does not dispute that he will not be released until 2031. Under the circumstances, the Department made all reasonable efforts. As the trial court found on remand, "there is no hope the children could be returned to Mr. Benitez while they are still children."

The evidence also established that from the beginning of the dependency, the disposition orders provided for limited contact with the children through supervised correspondence and phone contact at the children's request. Benitez wrote several letters to the oldest child, but they were not delivered because he included

---

[19] See M.J., 187 Wn. App. at 409.
[20] In re Dependency of K.R., 128 Wn.2d 129, 141, 904 P.2d 1132 (1995).

inappropriate content. Despite suggestions on how to correct the deficiencies, Benitez made no attempt to revise his letters and made no attempt to correspond with any of the other children. Benitez had no contact with his children for more than four years.

Substantial evidence supports the trial court's amended findings that Benitez did not play a meaningful role in his children's lives and that no barriers existed that prevented him from establishing a meaningful relationship with his children.

We affirm the termination order.

_Leach, J._

WE CONCUR:

_Trickey, A.C.J._          _Mann, J._