IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>       v.<br><br>JEFFREY LEE ANTEE,<br><br>                Respondent. | No. 84590-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Jeffrey Antee was convicted of rape, molestation, and assault of his stepdaughter. He appeals his conviction for rape of a child in the first degree, contending that admission of child hearsay statements violated his constitutional right to confrontation. Because the child declarant testified and Antee had ample opportunity for cross-examination, admission of the statements did not infringe on his right to confrontation. We affirm.

FACTS

The State charged Antee with three counts of rape of a child in the first degree, one count of child molestation in the first degree, one count of assault of a child in the second degree, and two counts of assault of a child in the third degree based on allegations of sexual and physical abuse against his 4-year-old stepdaughter, D.D.[1]

---

[1] The second degree assault of a child charge and one of the third degree assault of a child charges carried domestic violence designations.

Prior to a jury trial, the State sought admission of statements by D.D. to her mother, family friend, police officer, Sexual Assault Nurse Examiner (SANE), and therapist. These statements consisted of descriptions of physical and sexual contact between Antee and D.D. As required by the child hearsay statute, RCW 9A.44.120(1)(b), the court held two hearings to assess whether D.D. was competent as a witness and whether her statements had sufficient indicia of reliability for admission under the child hearsay statute. At the conclusion of the hearings, the trial court concluded that D.D. was competent as a witness, she was available to testify within the meaning of RCW 9A.44.120, and her statements about sexual abuse to her mother, the family friend, and the police officer were reliable and admissible child hearsay pursuant to that statute. As for D.D.'s statements to the SANE and her therapist, the court did not consider their admissibility under the child hearsay statute because Antee had stipulated the statements were admissible as hearsay exceptions for medical diagnosis or treatment through ER 803(a)(4).

By the time of trial, D.D. was 7 years old. She testified at trial and provided some testimony describing physical assaults by Antee. When asked by the State about specific instances of sexual contact, D.D. did not remember them or denied that they happened.

Q. [D.D.], do you remember Jeffy[2] touching your pee-pee?
A. No.
Q. Do you remember Jeffy putting his pee-pee in your pee-pee?
A. No.

---

[2] D.D. testified that "Jeffy" is the name she used for Antee.

2

Q. Do you remember his pee-pee going into your mouth?
A. That never happened.
Q. Okay. Do you remember telling people it tasted like raspberries?
A. That never happened either.

D.D.'s mother, family friend, therapist, and the SANE nurse provided testimony on D.D.'s hearsay statements about physical and sexual contact with Antee. The police officer testified only about D.D.'s statements regarding nonsexual physical injuries, including bruising on her head.

The jury acquitted Antee of one count of first degree rape of a child and one count of third degree assault of a child. The jury convicted Antee of two counts of first degree rape of a child, one count of first degree child molestation, one count of second degree assault of a child, and one count of third degree assault of a child. The jury found that he and D.D. were members of the same family or household for the second degree assault of a child. For all convictions, the jury also returned special verdicts finding that Antee used his position of trust, confidence, or fiduciary responsibility to facilitate the commission of the crime. Based on the special verdicts, the trial court sentenced Antee to an exceptional sentence. Antee appeals only the conviction for rape of a child in the first degree.

DISCUSSION

On appeal, Antee contends his constitutional right to confrontation was violated by admission of D.D.'s hearsay statements. Antee further claims that without the inadmissible hearsay evidence, the State introduced insufficient evidence to support the child rape convictions. We disagree.

Hearsay is an out-of-court statement offered to prove the truth of the

matter asserted. ER 801. Generally, hearsay evidence is not admissible unless subject to an exception under rule or statute. ER 802.

Admission of hearsay evidence impinges on a criminal defendant's Sixth Amendment right to confrontation, which guarantees that "the accused shall enjoy the right . . . to be confronted with the witnesses against him." See State v. Neal, 144 Wn.2d 600, 607, 30 P.3d 1255 (2001); U.S. CONST. amend. VI. Although hearsay implicates this right, "the admission of hearsay statements will not violate the confrontation clause if the hearsay declarant is a witness at trial, is asked about the event and the hearsay statement, and the defendant is provided an opportunity for full cross-examination." State v. Clark, 139 Wn.2d 152, 159, 985 P.2d 377 (1999).

Here, the trial court admitted the challenged hearsay statements to the mother, family friend, and police officer under the child hearsay statute, RCW 9A.44.120. The statute allows for admission of hearsay evidence "made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, or describing any act of physical abuse of the child by another that results in substantial bodily harm . . . ." RCW 9A.44.120(1)(a)(i). When deciding whether to admit hearsay evidence, the court must conduct a hearing outside the presence of the jury and find "that the time, content, and circumstances of the statement provide sufficient indicia of reliability." RCW 9A.44.120(1)(b). Specifically, the Supreme Court has identified nine factors that courts should consider when assessing admissibility of child

4

hearsay statements pursuant to RCW 9A.44.120.[3] See State v. Ryan, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984). Additionally, the child must testify at the proceedings or be unavailable as a witness. RCW 9A.44.120(1)(c). If the child is unavailable, admission of the statements requires corroborative evidence of the act. RCW 9A.44.120(1)(c)(ii).

The trial court conducted the child hearsay hearing and determined D.D. was competent as a witness, she was available to testify, and the statements were reliable and admissible child hearsay. The court issued findings of fact and conclusions of law addressing each of the nine Ryan factors before concluding the hearsay statements were admissible. See Ryan, 103 Wn.2d at 175-76. Antee does not challenge this decision. Instead, he argues admission of the hearsay evidence violated his confrontation right because D.D. did not testify as to the specific alleged acts of sexual contact as required by RCW 9A.44.120(1).

In support of this claim, Antee points to State v. Rohrich, 132 Wn.2d 472, 939 P.2d 697 (1997). There, the child testified but "was not asked about and did not testify about any alleged abuse," and the defendant did not cross-examine

---

[3] The nine Ryan factors are:

> (1) whether the child had an apparent motive to lie, (2) the child's general character, (3) whether more than one person heard the statements, (4) the spontaneity of the statements, (5) whether trustworthiness was suggested by the timing of the statement and the relationship between the child and the witness, (6) whether the statements contained express assertions of past fact, (7) whether the child's lack of knowledge could be established through cross-examination, (8) the remoteness of the possibility of the child's recollection being faulty, and (9) whether the surrounding circumstances suggested the child misrepresented the defendant's involvement.

State v. Woods, 154 Wn.2d 613, 623, 114 P.3d 1174 (2005).

her. Rohrich, 132 Wn.2d at 474. The Washington State Supreme Court concluded, "[t]he Confrontation Clause requires the term 'testifies,' as used in the child hearsay statute, RCW 9A.44.120(2)(a), to mean the child gives live, in-court testimony describing the acts of sexual contact to be offered as hearsay." Rohrich, 132 Wn.2d at 482.

Antee ignores the salient facts that D.D. testified at trial, was asked about the alleged sexual contact, physical harm, and her hearsay statements, and was cross-examined. Rohrich is inapposite. Instead, this case is more akin to two post-Rohrich cases, State v. Clark, 139 Wn.2d 152, 985 P.2d 377, 380 (1999), and State v. Price, 158 Wn.2d 630, 642, 146 P.3d 1183 (2006).

In Clark, the trial court determined that the child hearsay statements satisfied the Ryan factors and were sufficiently reliable for admission. 139 Wn.2d at 155. However, Clark argued the child was "effectively unavailable" as a witness because she denied the sexual contact and said that her previous statements to the hearsay witnesses were lies. Id. at 159. The Washington Supreme Court concluded that the hearsay evidence did not violate Clark's right to confrontation because he had a full opportunity to cross-examine the child about her hearsay statements, the State did not shield the child from difficult questions, and the child was not evasive in her answers. Id. at 161. The child declarant "was not only sworn in as a witness at trial, asked about the alleged incidents, and provided answers to the questions put to her, but she was actually cross-examined." Id. at 159.

6

Similarly, in Price, the defendant claimed the child declarant was unavailable for purposes of the confrontation clause when she testified that she could not remember the alleged abuse. Price, 158 Wn.2d at 632. The Court noted that the testimony satisfied the "Clark test," which requires the child declarant to have been asked about the underlying events and prior statements, and the defendant to have had an opportunity for full-cross examination. Price, 158 Wn.2d at 648. As a result, "because all of the purposes of the confrontation clause are satisfied even when a witness answers that he or she is unable to recall, an inability to remember does not render a witness unavailable for confrontation clause purposes." Id. at 651.

Here, on direct examination, D.D. denied sexual contact and her hearsay statements about sexual contact. Antee then questioned D.D. as to whether he had ever "touched [her] pee-pee" or "put his pee-pee in [her] mouth." D.D. replied "no" to both questions. D.D. denied the alleged incidents described during the hearsay testimony, but her denials did not negate that Antee had the opportunity to cross-examine her, and did so. D.D.'s testimony and Antee's cross-examination of her satisfy the Clark test. Antee had the opportunity to explore the alleged events and the hearsay statements D.D. made to her mother and family friend. Thus, his right to confrontation was not violated. " '[T]he Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " Price, 158 Wn.2d at 642 (alteration in original) (internal

quotation marks omitted) (quoting <u>United States v. Owens</u>, 484 U.S. 554, 559, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988)).

Antee also challenges the statements that D.D. made to the SANE and the therapist. But Antee did not object to admission of D.D.'s hearsay statements to her therapist and the SANE under ER 803(a)(4).[4] As a result, RAP 2.5(a) precludes review of Antee's evidentiary challenge to statements admitted under this exception. Additionally, the Washington Supreme Court has explicitly adopted the requirement that a defendant raise an objection at trial or waive the right of confrontation. <u>State v. Burns</u>, 193 Wn.2d 190, 210-11, 438 P.3d 1183 (2019). Therefore, Antee has also waived any argument that admission of hearsay statements to the SANE and the therapist was a violation of his right to confrontation.

Finally, Antee challenged the sufficiency of the State's evidence based solely on the contention that "[a]bsent the child hearsay statements, no rational trier of fact could have found the elements of the crimes beyond a reasonable doubt." Because we conclude the hearsay evidence was properly admitted, we need not address Antee's claim of insufficiency of evidence.

Affirmed.

---

[4] In fact, Antee stipulated the statements were admissible as hearsay exceptions for medical diagnosis or treatment through ER 803(a)(4).

_Chung, J._

WE CONCUR:

_Coburn, J._          _Andrus, C.J._